481 F.2d 634
 Roy CLARK, d/b/a City Ambulance Service, and Kanawha Valley
Ambulance Service, Inc., a corporation, in their own behalf,
and in behalf of all ambulance operators and taxpayers
similarly situated, Appellants,
v.
John VOLPE, Secretary, United States Department of
Transportation et al., Appellees.
 No. 73-1219.
 United States Court of Appeals,
Fourth Circuit.
 Submitted May 29, 1973.
Decided June 27, 1973.
 
 Stephen P. Meyer, Charleston, W. Va., on brief for appellants.
 John A. Field, III, U. S. Atty., Robert B. King, Asst. U. S. Atty., Lawrence R. Schneider, Chief Counsel, Frank A. Berndt, Asst. Chief Counsel, Gary R. Allen and Enid Rubenstein, Attys., National Highway Traffic Safety Administration, Dept. of Transportation, Washington, D. C., on brief for appellee Volpe.
 Chauncey H. Browning, Jr., Atty. Gen., William R. Wooton, Asst. Atty. Gen., on brief for appellee Coplin.
 W. Warren Upton and Michael A. Albert, Sp. Municipal Counsel, Charleston, W. Va., on brief for appellee, City of Charleston, a Municipal Corp.
 Before BOREMAN, Senior Circuit Judge, and WINTER and CRAVEN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellants sought to enjoin the use of federal funds by John Volpe, Secretary of Transportation, Richard W. Coplin, Director of the Governor's Highway Safety Administration of the State of West Virginia, and the city of Charleston, West Virginia. By virtue of the Highway Safety Act, 23 U.S.C. Sec. 401 et seq., appellees had obtained funds to povide emergency ambulance service for Charleston and surrounding areas. Appellants alleged that the funds were being used for purposes other than those intended by the Highway Safety Act and had been obtained in violation of standards established by the Secretary of Transportation. Appellees denied these allegations, submitted affidavits and exhibits, and moved for judgment on the pleadings or, in the alternative, for summary judgment.
 
 
 2
 In its memorandum order of December 13, 1972, the court dismissed the case for the reason that "under the facts and circumstances here presented they [appellants] are without remedy in law". It is obvious from the findings of fact in the court's memorandum order that facts and circumstances mentioned in the affidavits and exhibits were considered by the court in reaching its conclusion, specifically stated in the closing portion of its order, that "the plaintiff has failed to state a claim upon which relief can be granted . . .."
 
 
 3
 The Federal Rules of Civil Procedure state that if, on a motion to dismiss for failure of the pleadings to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56.[1] In Evans v. McDonnell Aircraft Corp., 395 F.2d 359, 361 (8th Cir. 1968), the court held that if the district judge, in ruling on the motion to dismiss, considers matters ouside the pleadings, the motion must be treated as one for summary judgment under Rule 56.[2]
 
 
 4
 The record before us clearly indicates that the district court was presented with and considered facts outside the pleadings. These facts were not excluded by the court and are specifically mentioned in its memorandum order dismissing the action. Accordingly, the district court should have addressed itself to the appellees' alternative motion for summary judgment rather than their motion to dismiss under Rule 12(b)(6).
 
 
 5
 The appellate court is not bound by the label that the district court places upon its disposition of the case. Whenever outside matters are presented to and not excluded by the trial court, the motion should be considered on appeal as one for summary judgment even though the trial court characterized its action as a dismissal of the case for failure of plaintiffs to state a claim upon which relief can be granted.[3] The record reveals that both parties were given a reasonable opportunity to present affidavits and other evidence upon which the trial court could properly determine whether summary judgment should be entered. Only the defendants availed themselves of such opportunity. When such circumstances appear from the record the appellate court, for the sake of judicial economy, should make an immediate determination of the issue rather than remand the case to the trial court for disposition.[4] The whole case is before this court and it would be wasteful to remand it to the trial court for consideration of the motion for summary judgment.[5]
 
 
 6
 Upon review of the record, we agree with the factual findings of the trial court. We are convinced that there was no genuine issue as to any material fact and that the moving parties were entitled to a judgment as a matter of law. Accordingly, treating the court's action as granting the defendant's motion for summary judgment, we dispense with oral argument and affirm the result reached by the trial court.
 
 
 7
 Affirmed.
 
 
 
 [1]
 Fed.R.Civ.P. 12(b)
 
 
 [2]
 For a detailed discussion of the conversion of a Rule 12(b)(6) motion into a summary judgment motion, see 5 C. Wright & A. Miller, Federal Practice and Procedure Sec. 1366, at 675 (1969)
 
 
 [3]
 Williams v. Pacific Maritime Ass'n, 384 F.2d 935, 936 (9th Cir. 1967); Central Contracting Co. v. Maryland Cas. Co., 367 F.2d 341, 343 (3d Cir. 1966)
 
 
 [4]
 This view was expressed in Romero v. International Terminal Operating Co., 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959). See generally, 5 C. Wright & A. Miller, Federal Practice and Procedure Sec. 1366, at 680 (1969)
 
 
 [5]
 S. & S. Logging Co. v. Barker, 366 F.2d 617, 623 (9th Cir. 1966)