O. T. BROWN, Plaintiff-Appellant,

v.

MITSUBISHI SHINTAKU GINKO, a Foreign Corporation, Defendant,

Daninichi Kaiun Kaish, Ltd., a Foreign Corporation, Defendant-Appellee.

No. 76–1930
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

April 11, 1977.
Rehearing Denied June 8, 1977.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

Roger Vaughan, Tampa, Fla., Robert Orseck, Susan Goldman, Miami, Fla., for plaintiff-appellant.

Nathaniel G. W. Pieper, Tampa, Fla., for defendant-appellee.

Before WISDOM, THORNBERRY and TJOFLAT, Circuit Judges.

WISDOM, Circuit Judge:

Brown, plaintiff-appellant, appeals from the district court's summary judgment in this negligence suit against the defendant-shipowner, for Brown's injuries suffered while working aboard the defendant's vessel. On the facts of this case, summary judgment was appropriate. We affirm. *Gay v. Ocean Transport & Trading LTD*, and *Guerra v. Bulk Transport Corp.*, 5 Cir. 1977, 546 F.2d 1233.

The plaintiff, an employee of the Pate Stevedoring Company, was injured while cleaning a cargo hold on board the M/V Nichibu Maru. The cleaning procedure utilized a forklift and a portable rack or platform attached to the blades of the forklift, both supplied by and belonging to the stevedore. Longshoremen with brooms standing in the rack or cage would be raised by the forklift to a position where they could sweep the sides of the hold. Brown was the operator of the forklift.

Several hours before his accident, Brown reported to his stevedore supervisor-header that the rack in use during the cleaning operation was too large for the forklift he was using and requested permission to use a smaller rack, which was available ashore. The stevedore header, in turn, relayed this information to the stevedore foreman. Despite their knowledge that an oversized rack was being used in the cleaning operation, the stevedore supervisory personnel decided not to utilize the smaller rack, apparently because the smaller rack was ineffective in cleaning the higher parts of the hold and because the larger rack had been used once before without incident. After this decision, Brown resumed work without complaint.

When it eventually became necessary to move the lift and rack to another position in the hold, Brown, realizing the unsteadiness of the equipment and fearing that the rack would fall, told the longshoremen to get off the rack. They did. While he was moving the lift and rack to the second position, the rack began to rock back and forth, and it then fell backward striking Brown on the head, and causing the injuries he complains of in this case. At the time of the accident, the forklift was not equipped with a protective overhead guard, as is required by 29 C.F.R. § 1918.73(b). Brown was not wearing a protective hat prescribed by 29 C.F.R. § 1918.105(a).

Brown asserts two bases for his negligence action against the shipowner.[1]

---

**1.** Brown does not appeal the dismissal of his unseaworthiness action against the shipowner. The dismissal of this action was appropriate under 33 U.S.C. § 905(b), which, in part, provides that "[t]he liability of the vessel under this subsection shall not be based upon the

First, he contends that the defendant shipowner had actual or constructive knowledge of the danger and had a duty to alleviate it, either because some members of the ship's crew were involved in a supervisory capacity in the cleaning operation or because some of the crew members were present in the cargo hold and aware of the danger of using the larger rack. Second, he argues that the shipowner was negligent in not enforcing the applicable longshoring health and safety regulations that were violated. Because this second contention is more readily disposed of, we deal with it first.

As 29 C.F.R. § 1918.2(b) states,[2] and as we emphasized in *Gay v. Ocean Transport & Trading Co.*, 5 Cir. 1977, 546 F.2d 1233 (No. 75–2729), the Longshoring Safety and Health Regulations apply only to employers; they do not automatically impose a duty "on owners, operators, agents or masters of vessels unless such persons are acting as employers". *Gay v. Ocean Transport & Trading Co.*, 5 Cir. 1977, at 1239 n.9. Brown does not suggest that he was an employee of the M/V Nichibu Maru or that he was employed by anyone other than the Pate Stevedoring Company. It was thus Pate's responsibility, not that of the defendant shipowner, to comply with the regulations requiring that forklifts be equipped with protective overhead guards and mandating that employees wear protective hats. Brown's attempt to foist the duty of complying with these health and safety regulations upon the shipowner is simply an attempt to employ "exactly the type of liability without fault concept from which Congress sought to free vessels by the passage of the 1972 Amendments [to the Longshoremen's and Harbor Workers' Compensation Act][3]". *Gay v. Ocean Transport & Trading Co.*, at 1239. Such an effort must fail.

Brown's second basis for negligence liability—the shipowner's knowledge of the dangerous condition presented by the oversized rack—presents a more difficult question for summary judgment disposition. Because Brown asserts that, given the chance at trial, he could prove that the defendant shipowner knew of the hazardous hold-cleaning operation, we can affirm the district court's summary judgment for the defendant only if that proof would still not avail Brown a cause of action against the vessel. In *Gay,* this Court held that in suits under the Longshoremen's and Harbor Workers' Compensation Act against vessels for negligence, the land-based negligence principles found in the Restatement (Second) of Torts (1965) §§ 342, 343, and 343 A are to be applied.[4] Those sections

2. 29 C.F.R. § 1918.2 provides:
(a) The responsibility for compliance with the regulations of this part [the Safety and Health Regulations for Longshoring] is placed upon "employers" as defined in § 1918.3(c).
(b) It is not the intent of the regulations of this part to place additional responsibilities or duties on owners, operators, agents or masters of vessels unless such persons are acting as employers, nor is it the intent of these regulations to relieve such owners, operators, agents or masters or vessels from responsibilities or duties now placed upon them by law, regulation or custom.
29 C.F.R. § 1918.3(c) defines "employer":
The term "employer" means an employer any of whose employees are employed, in whole or in part, in longshoring operations or related employments, as defined herein within the Federal maritime jurisdiction on the navigable waters of the United States.

warranty of seaworthiness or a breach thereof at the time the injury occurred".

3. The amendments did away with actions by longshoremen against vessels for unseaworthiness. 33 U.S.C. § 905(b).

4. Those sections of the Restatement (Second) of Torts (1965) provide as follows:
Section 342
A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if,
(a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and
(b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and
(c) the licensees do not know or have reason to know of the condition and the risk involved.

impose a duty on a possessor of property to inform invitees (including employees asked to work on the property) of any dangerous conditions present on the property that he knows or should reasonable know about; relieve the possessor of this duty if invitees should reasonably be expected to discover or realize the danger on their own; but reimpose a duty on the possessor to alleviate the danger if he should reasonably anticipate that invitees might be harmed despite their awareness of the danger. In *Gay*'s companion case, *Guerra v. Bulk Transport Corp.*, 5 Cir. 1977, 546 F.2d 1233, we affirmed a judgment for the defendant vessel where the accident-causing danger "was open and obvious and as well known to the shipowner as it was to the stevedore". *Guerra* differs from the instant case, however, in that there was a finding by the district court in *Guerra* that "the stevedore's negligence was the sole proximate cause of Guerra's injury". At 1242. Although there was no such finding by the district court in this case, the same considerations that caused us to affirm the judgment in *Guerra* lead us to approve the summary judgment granted the defendant here.

■ First, the hazard that ultimately caused Brown's injuries was completely the creation of the stevedore's employees; the unstable rack was not present on the ship before Pate's crew started to clean the hold nor after they finished the job. Second, the stevedore's employees were in a far better position to abate the danger than any of the members of the ship's crew. Indeed, two of the stevedore's supervisory personnel were informed of the dangerous misfit between rack and lift by the employee eventually injured because of it and they deliberately decided to do nothing to remedy the precarious situation. It would be unreasonable to expect members of the ship's crew, who are bound to have less knowledge about stevedoring operations than the stevedore's own employees, to recognize and remedy a non-obvious, technically dangerous situation where the stevedore's own supervisory personnel would not. Finally, not only was the plaintiff here acutely aware of the hazardous condition, but he was the person best able to appreciate the potential consequences of the danger and he was also in a position of personal control over it. Brown's knowledge and appreciation of and control over the dangerous condition in this case constitute an interplay with the hazardous situation that is far different in degree and nature than the awareness of a danger that could be construed as contributory negligence or assumption of the risk—two defenses that are not available to defendants in negligence suits brought under § 905 of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 905(a). Like the misplaced stack of pallets in *Guerra,* the unstable rack here "was not the type of danger that must be faced notwithstanding knowledge". *Guerra v. Bulk Transport Corp.*, 5 Cir. 1977, at 1242. Although even the high degree of knowledge, appreciation, and control possessed by

Note 4—Continued
    Section 343
    A possessor land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
    (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
    (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
    (c) fails to exercise reasonable care to protect them against danger.
    Section 343 A continues
    (1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.
    (2) In determining whether the possessor should anticipate harm from a known or obvious danger, the fact that the invitee is entitled to make use of public land, or of the facilities of a public utility, is a factor of importance indicating that the harm should be anticipated.
In adopting the Restatement's formulation of a land possessor's duty to invitees as applicable to a shipowner's duty to longshoremen working on his vessel, we are in accord with our brethren in the Second Circuit, *Napoli v. Hellenic Lines, Ltd.*, 2 Cir. 1976, 536 F.2d 505, 508–09, and the Fourth Circuit, *Anuszewski v. Dynamic Mariners Corp.*, 4 Cir. 1976, 540 F.2d 757, 759.

Brown would not automatically preclude a plaintiff's recovery in a Longshoremen's and Harbor Workers' Compensation Act negligence suit, when coupled with the prior two considerations—namely (1) the hazard was solely the product of the stevedore's work on the ship and (2) the ship's personnel were far less capable of correcting the situation than the stevedore's own employees, who knew about the danger and refused to rectify it—there could be no duty owed by the ship to Brown as a matter of law, even if the ship's crew was aware of the danger posed by the unstable rack. The district court's summary judgment for the defendant is therefore

AFFIRMED.