Steve Dale BOVIA

v.

S/S AGIA ERINI, etc. and
Tramp Shipping Co.

Civ. A. No. 75–1564.

United States District Court,
E. D. Louisiana.

June 23, 1977.

Maurice J. Wilson, Jr., Callihan, Wilson & Duchein, James A. George, George & George, Baton Rouge, La., for plaintiff.

John A. Bolles, Terriberry, Carroll, Yancey & Farrell, New Orleans, La., for defendants.

MEMORANDUM OPINION AND ORDER

BOYLE, District Judge:

The plaintiff Steve Dale Bovia was employed as a laborer by Kaiser Aluminum & Chemical Corporation at its terminal facility in Gramercy, Louisiana. As a regular part of his job he was engaged in the loading and unloading of bulk cargo ships which docked at the terminal, and, when the ships had to be cleaned, his work entailed going into the holds to sweep up and carry out the cargo remnants.

On April 20, 1973, Bovia was part of a Kaiser crew of about nine persons assigned to clean out the hold of the defendant ves-

sel, S/S AGIA ERINI, owned by the defendant Tramp Shipping Co. and moored that day at the Kaiser plant in Gramercy after having unloaded its cargo of bauxite. The crew's equipment consisted of shovels, scrapers and a bulldozer, as well as a gantry crane with a bucket by which the material swept or pushed together could be hauled out of the hold. The bulldozer operator, Norman Baptiste, was a Kaiser employee, as was David Roussell, the dock foreman who actually controlled and supervised the clean-up work.[1] During the operation, Baptiste—apparently failing to see plaintiff or hear his warning shouts—drove the bulldozer into him, pinning his shoulder against the bulkhead of the hatch and inflicting the injuries which precipitate the instant suit.

Invoking the court's general maritime jurisdiction, the plaintiff alleges that his injury resulted from the negligence of the defendants, and, more particularly, from the failure to have supervisory personnel present during the clean-up operation, to provide alternative, safer working methods and to assure that "a dangerous operator such as Norman Baptiste" would be excluded from working on the vessel. *See* Complaint, ¶ 8 [Record Doc. # 1]. The defendant company has moved for summary judgment dismissing the action. Following oral argument on an earlier day, the matter was taken under submission.

We find, and both parties apparently concede, that at the time of his injury plaintiff was an employee covered by the Longshoremen's and Harbor Workers' Compensation Act [LHWCA]. *See* 33 U.S.C. § 902(3); *Jacksonville Shipyards, Inc. v. Perdue,* 539 F.2d 533 (5 Cir. 1976). Under the express provisions thereof creating a cause of action against the vessel for negligence, no recovery by a person employed to provide stevedoring services is permitted if his injury was caused by the negligence of persons likewise engaged in providing stevedoring services. The first question, therefore,—although movant does not specifically address itself to the issue—is whether plaintiff's action is statutorily precluded because his injury was caused by negligence attributable to the Kaiser stevedoring crew.

When asked in his deposition of December 11, 1975 to explain why the accident occurred, the plaintiff referred to the problem of communicating with other Kaiser crew members (and, presumably, Baptiste in particular) due to the combined noise of the vessel and the bulldozer's engine. *See* Bovia Dep., at 43 [Record Doc. # 6]. He also suggested that too much bauxite was in the hold when the crew went down, and that the amount of bulldozer work still required to clear out the cargo made the operation unsafe for the crew members because of the noise and dust which would be created. *See id.,* at 62–63. Prior to being ordered into the hold, Bovia recalls, he complained to the Kaiser foreman Roussell about these matters, and at the same time pointed out that Baptiste seemed to be too inexperienced for the job and was having difficulty operating the bulldozer. *See id.,* at 61–63.

On the basis of this record, it is reasonable to conclude that the plaintiff's injury was due to the negligence of the Kaiser bulldozer operator and/or that of the Kaiser dock foreman. The complaint's allegations of improper supervision, unsafe work methods and a "dangerous" bulldozer driver in this case are directed more appropriately against the stevedore than against the vessel. Nor are we persuaded by the argument of counsel that, on the basis of plaintiff's deposition testimony, it may be inferred the vessel-owner was negligent in failing to provide proper lighting in the hold. In fact, the only testimony on this subject by plaintiff was to the effect that there were "some lights" in the hatch, and that Norman Baptiste "should have" had enough light to see him before pinning him against the bulkhead. *See id.,* at 36.

However, even without triggering the statutory exclusion of § 905(b) *via* a finding

---

1. The hold evidently was turned over to the Kaiser crew for the performance of the job under Roussell. Although the ship's crew was on hand, none of them actually participated in the work. *See* Bovia Dep., at 64 [Record Doc. # 6].

that the negligence of other stevedoring personnel caused plaintiff's injury, it appears the action must fail pursuant to the Restatement principles made pertinent herein by the decision in *Gay v. Ocean Transport & Trading, Ltd.,* 546 F.2d 1233 (5 Cir. 1977). Applying these principles in a case involving analogous facts, the Fifth Circuit recently held that the vessel's failure to alleviate a dangerous working condition which it knows to exist will not be actionable if 1) the hazard was solely a product of the stevedore's work and 2) the stevedore was in a far better position than the vessel to abate the danger. *See Brown v. Mitsubishi Shintaku Ginko,* 550 F.2d 331, 334–35 (5 Cir. 1977). The district court's granting of summary judgment in favor of the defendant vessel was affirmed.

To the extent a dangerous condition in the hold existed in this case, it was not latent but open and obvious to the stevedore. The vessel's duty, then, was not to give advance warning but rather to alleviate a hazard which was known by the stevedore but nevertheless could reasonably be expected to cause injury. *See id.,* at 334. However, just as in the *Mitsubishi* case, the dangerous work condition *sub judice* was of the stevedore's own making; the deposition testimony of Bovia makes clear that it was noise and dust created by the bulldozer's clearing of bauxite which made the hold unsafe, in his opinion, for the Kaiser employees. Likewise similar to the *Mitsubishi* case, the danger herein was one within the stevedore's power to eliminate, and certainly was not as readily correctible by vessel crew members who were merely observing the operation. These factors serve to relieve the defendant of whatever responsibility might otherwise have been imposed under the Restatement.

For the foregoing reasons, defendant's motion for summary judgment dismissing plaintiff's action with costs should be, and it is hereby, *GRANTED.*