559 F.2d 1040
 Ella Weese Watson BOSSARD, Individually and as
Administratrix of the Estate of Donald Bossard,
and Genieveve Bossard and Bertha Lee
Bossard, Plaintiffs-Appellants,
v.
EXXON CORPORATION, Defendant-Appellee,
Lamar Labauve, Tom Wolfe, Joseph Labauve, and Delta
Laboratories, Defendants.
 No. 76-1364.
 United States Court of Appeals,
Fifth Circuit.
 Sept. 23, 1977.
 
 John F. McKay, Baton Rouge, La., for plaintiffs-appellants.
 E. Burt Harris, John F. Reid, New Orleans, La., for Exxon.
 Andrew J. Bennett, Jr., Baton Rouge, La., for Delta Lab., et al.
 David W. Robinson, Baton Rouge, La., for Fidelity & Casualty Co.
 Appeal from the United States District Court for the Middle District of Louisiana.
 Before GEWIN, RONEY and HILL, Circuit Judges.
 PER CURIAM:
 
 
 1
 The plaintiffs' decedent worked for an independent contractor, Port Allen Marine, employed by defendants to clean a barge of petroleum fumes and residue. In 1975 he was asphyxiated while working inside a barge tank. Plaintiffs sued defendants for negligence under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 905(b) (Supp.1977). The trial court dismissed the complaint on motion, basing its ruling on the similarity between this case and Hess v. Upper Mississippi Towing Corp., Civ.No. 74-115 (M.D.La. October 21, 1975), in which defendants prevailed on a directed verdict. The appeals were argued together. We affirm the dismissal of this case largely on the basis of our reasoning in affirming Hess, 559 F.2d 1030 (5th Cir. 1977). See also Parson v. Amerada Hess Corp., 422 F.2d 610 (10th Cir. 1970); Cf. Uglem v. Foss Launch & Tug Co., 541 F.2d 1378 (9th Cir. 1976) (no seaworthiness recovery).
 
 
 2
 This appeal raises certain questions not presented in Hess. First, the plaintiffs argue dismissal under Fed.R.Civ.P. 12(b)(6) was improper, because they stated a claim upon which relief could be granted. The argument misstates the nature of the district court's decision. Both the language of the rule and the law of this Circuit indicate that when a trial court takes into consideration depositions and other information outside the pleadings, as was done here, the grant of a motion to dismiss is to be treated as summary judgment under Fed.R.Civ.P. 56. Herron v. Herron, 255 F.2d 589 (5th Cir. 1958). See Wright & Miller, Federal Practice and Procedure § 1366 & n.67 (1971). Plaintiffs have not demonstrated any prejudice or lack of notice sufficient to establish an exception. Consequently the case does not turn on the failure to state a claim, but on whether the plaintiffs have produced a material issue of fact which, if proved, would entitle them to relief as a matter of law. Fed.R.Civ.P. 56.
 
 
 3
 Part IV of the Hess opinion deals with the shipowner's liability for open and obvious dangers on board the vessel. The gas in the tank which asphyxiated the plaintiffs' decedent was such a danger. It was one of the conditions that Port Allen Marine was hired to correct. While, under Restatement (Second) of Torts §§ 343, 343A (1965), as interpreted in Gay v. Ocean Transport & Trading Ltd., 546 F.2d 1233 (5th Cir. 1977), the shipowner is potentially liable for injuries caused by such dangers if the danger cannot be appreciated by invitees or cannot be avoided, neither circumstance applies to this case. Port Allen Marine and Bossard knew of the danger. See Gulf Oil Corp. v. Bivins, 276 F.2d 753, 756-758 (5th Cir.), cert. denied, 364 U.S. 835, 81 S.Ct. 70, 5 L.Ed.2d 61 (1960).
 
 
 4
 The plaintiffs assert a ground for liability not mentioned in Hess. They allege the defendants breached two sets of federal regulations, so that a material issue of fact with respect to their negligence exists. Neither set of regulations, however, applies to the facts of this case. The Coast Guard regulations, 46 C.F.R. 35.01-1 (1976), pertain to precautions taken when riveting or welding a barge tank and do not apply to cleaning. The safety and health regulations for longshoremen, 29 C.F.R. 1915.11-12 (1976), impose duties on Port Allen Marine, but not on the shipowner. Brown v. Mitsubishi Shintaku Ginko, 550 F.2d 331 (5th Cir. 1977); see generally 90 Harv.L.Rev. 1041 (1977).
 
 
 5
 AFFIRMED.