John BRILEY, Plaintiff-Appellant,

v.

CHARENTE STEAMSHIP COMPANY, LTD., Defendant-Appellee.

No. 77-2944
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 4, 1978.

Rehearing Denied June 1, 1978.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

was assigned to a crew loading general cargo aboard defendant's vessel and was injured in a fall when his foot became tangled in the separation netting placed over batches of cargo. These large, mesh nets are used by longshoremen to distinguish multiple loads of cargo within the hold of a ship, and to aid in identifying cargo for unloading at various destination points. Typically, the nets are supplied by the vessel for use onboard, and such was the case here.

In this particular case, there was cargo already stowed in the forward part of the hatch which had been loaded at a prior port. That cargo consisted of some drums and boxes. According to testimony, those boxes "looked like they were just dumped there" (R. 40) and over them a separation net had been placed. Plaintiff's crew was loading the after-hatch of the same hold. The crew had been working from 8 a. m. and were about finished loading at 3 p. m. that afternoon when Briley climbed up onto the "pile" of boxes in the forward part of the hatch to disengage a shackle hook. The accident occurred when his foot became tangled in the net covering the boxes and he fell into the space between the two groups of cargo. These facts were not in dispute.

The district court correctly held that plaintiff did not have a cause of action against the vessel cognizable under the post-amendment Longshoremen's and Harbor Workers' Compensation Act. The Act makes a vessel liable to an injured maritime worker only for its negligence, eliminating any warranty of seaworthiness theory. It is well established in this Circuit that a longshoreman employed by a stevedore has no cause of action against the vessel where injury is caused solely by the stevedore's negligence. *Gay v. Ocean Transport & Trade, Ltd.,* 546 F.2d 1233 (5th Cir. 1977); *Brown v. Mitsubishi Shintaku Ginko,* 550 F.2d 331 (5th Cir. 1977).

Plaintiff's claimed negligence by the vessel is knowledge of a hazardous condition present in the hold of the ship by virtue of the separation nets. The district court of-

Arthur A. Crais, Jr., Vincent J. Glorioso, Frank J. D'Amico, New Orleans, La., for plaintiff-appellant.

Edward S. Bagley, New Orleans, La., for defendant-appellee.

Before RONEY, GEE and FAY, Circuit Judges.

PER CURIAM:

Plaintiff-appellant, a longshoreman employed by an independent stevedore, appeals from the district court's summary judgment in a negligence suit brought against the shipowner for injuries sustained while loading cargo in defendant-owner's vessel. Based on liability standards enunciated by this Court as applicable in suits brought under the 1972 amended Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901 *et seq.*, and on the undisputed facts disclosed in the record, summary judgment disposition was appropriate. We affirm.

John Briley was employed by Atlantic & Gulf Stevedores as a longshoreman. He

fered a succinct analysis of the situation in stating:

> [T]his entire scenario was within the sole control of the stevedore. In his deposition, the plaintiff admitted that the boxes upon which he was standing were jumbled in a pile. Rather than straighten them out he used this as a platform. . . The jumbled condition of the boxes was observed by plaintiff. It was within his power to correct that condition. And just like *Brown*, even if the ship personnel were aware of the hazard they were less capable of correcting the situation than the stevedore's own employees who knew about the danger and refused to rectify it.

(Appellant's attachment I, at p. 5)

The summary judgment is affirmed.