**Frank WILES, Jr., Plaintiff-Appellant,**

v.

**DELTA STEAMSHIP LINES, INC., and Delta Argentina, her engine, tackle, furniture, and apparel, Defendants-Appellees,**

**Employers National Insurance Co., Intervenor-Appellant.**

**No. 76–3969.**

United States Court of Appeals, Fifth Circuit.

June 15, 1978.

Arthur J. O'Keefe, New Orleans, La., for plaintiff-appellant.

Terrence C. Forstall, Douglas P. Matthews, New Orleans, La., for Employer's Nat. Ins. Co.

G. Edward Merritt, New Orleans, La., for defendants-appellees.

Before WISDOM, GOLDBERG and RUBIN, Circuit Judges.

PER CURIAM:

This suit for negligence against the owners of a vessel by a longshoreman who was injured while working aboard the ship is governed by the provisions of the LHWCA. 33 U.S.C. § 905(b). The able trial judge, to whom the case was presented without a jury, was not, unfortunately, able to foretell the future; subsequent to his decision, this court rendered several opinions that require a different standard to be used to determine negligence than those applied at the trial two years ago. *Samuels v. Empresa Lineas Maritimas Argentinas,* 5 Cir.

1978, 573 F.2d 884; *Hess v. Upper Mississippi Towing Corporation,* 5 Cir. 1977, 559 F.2d 1030; *Brown v. Mitsubishi Shintaku Ginko,* 5 Cir. 1977, 550 F.2d 331; *Gay v. Ocean Transport & Trading, Ltd.,* 5 Cir. 1977, 546 F.2d 1233. *See* Vessel Owner's Standard of Care Under the 1972 Amendments to the Longshoremen's and Harbor Workers' Compensation Act, 23 Loyola L.Rev. 926, 995–1006.

 In particular, the trial court did not consider Section 343A of the Restatement (Second) of Torts (1965), under which a vessel owner may be liable for an open and obvious danger if the invitee-longshoreman is not in a position to fully appreciate the risk or to avoid the danger even if aware of it. In addition, if, by the application of these standards, the vessel owner is found to be negligent, the question whether the plaintiff was himself negligent must also be considered. *Samuels, supra; Edmonds v. Compagnie Generale Transatlantique,* 4 Cir. 1977, 558 F.2d 186, 189, *rehearing en banc granted,* June 3, 1977; *Dodge v. Mitsui Shintaku Ginko K.K. Tokyo,* 9 Cir. 1975, 528 F.2d 669, 673, *cert. denied,* 1976, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188; *Landon v. Lief Hoegh & Co.,* 2 Cir. 1975, 521 F.2d 756, 760, *cert. denied sub nom., A/S Arcadia v. Gulf Ins. Co.,* 1976, 423 U.S. 1053, 96 S.Ct. 783, 46 L.Ed.2d 642. In that event, of course, the admiralty rules of comparative negligence apply. *Hess v. Upper Mississippi Towing Corp., supra,* 559 F.2d at 1032.

Therefore, despite the thorough opinion rendered by the trial judge, who could not be prescient, we must reverse the judgment of the trial court and remand for further consideration of these issues: (1) was the vessel owner negligent? and, (2) if so, was the plaintiff himself (as distinguished from his employer) also negligent?[1] Whether additional testimony need be taken on either issue, or whether the evidence already submitted suffices, is a matter for the trial court to determine. Our remand implies no opinion that a new trial, in whole or in part, as to either issue, is necessary. Moreover, we note that the trial court did make some findings with respect to the plaintiff's awareness of the missing rung of the ladder; we intimate no opinion with respect to his possible negligence.

REVERSED and REMANDED for further proceedings, consistent with this opinion.

---

1. In answering either question, the court will, of course, consider the applicable rules with respect to causation.