Cyrus R. WARE, Plaintiff-Appellant,

v.

ASSOCIATED MILK PRODUCERS, INC., Defendant-Appellee.

No. 78–2516.

United States Court of Appeals, Fifth Circuit.

March 24, 1980.

James R. Warncke, John C. Oliver, San Antonio, Tex., for plaintiff-appellant.

Arent, Fox, Kintner, Plotkin & Kahn, Donald M. Barnes, Michael M. Eaton, Washington, D.C., for defendant-appellee.

Before WISDOM, RUBIN, and TATE, Circuit Judges.

PER CURIAM:

The plaintiff, Cyrus Ware, appeals from the dismissal of his antitrust suit. For the reasons set forth, we reverse.

*Summary Judgment or Rule 12(b)(6) Dismissal?*

The first issue is whether this was a dismissal for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6), or a summary judgment for the defendant. On July 5, 1977, the defendant, Associated Milk Producers, Inc., filed a Motion to Dismiss or for Summary Judgment or, in the Alternative, for a More Definite Statement and Protective Order. The defendant's Motion to Dismiss for failure to state a claim, Fed.R.Civ.P. 12(b)(6), was based on the contention that on the face of the complaint, the plaintiff's claim was barred by the applicable four-year statute of limitations, 15 U.S.C. § 15b. The defendant attached two affidavits to his Motion to Dismiss or for Summary Judgment, and the plaintiff attached his own affidavit to his reply to the defendant's motion, but the trial judge's Order of Dismissal leaves no doubt that the defendant was not granted summary judgment.

Although the judge had indicated on April 10, 1978 that he would consider the Motion for Summary Judgment, the Order of Dismissal states, "the Court, after considering said Motion and the response of the plaintiff thereto, is of the opinion and finds that *said Motion to Dismiss should be granted,* because *it appears from the face of the complaint that Plaintiff's claim is barred* by the applicable statute of limitations." Since it is clear that the judge ruled only on the Motion to Dismiss, we must evaluate the correctness of the dismissal solely on the basis of the allegations in the complaint.

The defendant cites the following cases for the proposition that the presence in the record of the affidavits converted the Motion to Dismiss under Rule 12(b)(6) to a Motion for Summary Judgment under Rule 56: *Bossard v. Exxon Corp.,* 559 F.2d 1040 (5th Cir. 1977), *cert. denied,* 435 U.S. 934, 98 S.Ct. 1510, 55 L.Ed.2d 532 (1978); *Tuley v. Heyd,* 482 F.2d 590 (5th Cir. 1973); *Clark v. Volpe,* 481 F.2d 634 (4th Cir. 1973). See Fed.R.Civ.P. 12(b), which provides in part:

If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

The instant case is distinguishable from the cases cited because they each concerned an instance where the trial judge had considered evidence outside the pleadings. Although Rule 12(b) provides that a 12(b)(6) motion shall be treated as one for summary judgment when matters outside the record are presented to the court and not excluded, in the instant case the express wording of the Order of Dismissal affirmatively indicates that the district court did not consider the extra-pleading matters.

In 5 Wright & Miller, Federal Practice and Procedure § 1366, at 675, the authors say that the conversion of a Rule 12(b)(6) motion to a summary judgment takes place

"whenever matters outside the pleading are presented to and accepted by the court." The authors go on to say that "[t]he court has complete discretion to determine whether or not to accept any material beyond the pleadings," *Id.* at 678, and "[t]his discretion generally will be exercised in terms of whether or not the proffered material . . is likely to facilitate the disposition of the action." *Id.* at 678–79. "[W]hen [the extra-pleading material] is scanty, incomplete, or inconclusive, the court probably will reject it." *Id.* at 679. We hold that the wording of the Order of Dismissal affirmatively shows that the court refused to accept the proffered evidence by refusing to consider it. There is dicta in one case cited by the defendant, *S & S Logging Co. v. Barker*, 366 F.2d 617, 623 (9th Cir. 1966), that is contrary to our decision, but in that case the district court's order did not affirmatively show the non-consideration of the extra-pleading material; we do not find this dicta persuasive.

*Rule 12(b)(6) Dismissal Erroneous*

 Since we have determined that this case involves a dismissal under Rule 12(b)(6) rather than a summary judgment, we cannot affirm "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

The defendant argues that the complaint construed as a whole cannot be viewed as alleging any monopolistic acts by the defendant within the four-year limitations period prior to suit. However, paragraph 9 of the plaintiff's complaint clearly alleges certain monopolistic acts by the defendant, at least some of which under a liberal construction of the pleadings may have occurred within the four-year limitations period. In the absence of factual development as to whether specific acts occurred during the statutory limitations period, *Imperial Point Collonades Condominium, Inc. v. Mangurian*, 549 F.2d 1029 (5th Cir.), *cert. denied*, 434 U.S. 859, 98 S.Ct. 185, 54

L.Ed.2d 132 (1977); *Poster Exchange, Inc. v. National Screen Service Corp.*, 517 F.2d 117 (5th Cir. 1975), *cert. denied*, 423 U.S. 1054, 96 S.Ct. 784, 46 L.Ed.2d 643 (1976), we are unable to hold that no claim for relief is presented. Further, on the present showing, it is not apparent whether or not the plaintiff will be able to avoid the limitations bar by showing that the damages that he suffered during the limitations period were too speculative to be proven at the time the monopoly was initially established. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971).

Since it cannot be seen from the face of the complaint that the plaintiff could prove no set of facts that would entitle him to recover, the dismissal of this case was improper.

REVERSED AND REMANDED.