758 F.2d 581
 37 Fair Empl.Prac.Cas. 985,
38 Empl. Prac. Dec. P 35,689
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellant,
v.
Janet RENO, as State Attorney, 11th Judicial District of
Florida, or Her Successors, Defendant-Appellee.
 No. 84-5443.
 United States Court of Appeals,
Eleventh Circuit.
 April 19, 1985.
 
 Stephen O'Rourke, Appellate Section, E.E.O.C., Trial Div., Washington, D.C., for plaintiff-appellant.
 Bruce A. Minnick, Asst. Atty. Gen., Dept. of Legal Affairs, Tallahassee, Fla., for defendant-appellee.
 Appeal from the United States District Court for the Southern District of Florida.
 Before RONEY and TJOFLAT, Circuit Judges, and BROWN*, Senior Circuit Judge.
 BROWN, Circuit Judge:
 
 
 1
 Appellant Equal Employment Opportunity Commission (EEOC) filed a complaint against defendant Janet Reno, State Attorney for the Eleventh Judicial District of Florida, alleging a violation of Sec. 4(a) of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Sec. 623(a)[1] by refusal to hire an applicant for an assistant state attorney position because of his age. Defendant's motion to dismiss was granted, and this appeal followed. We affirm.
 
 Background
 
 2
 In its complaint, the EEOC alleged that defendant Reno violated the ADEA by refusing to hire William Frieder as an assistant state attorney because of his age. The complaint also alleged that the defendant "utilized employment selection techniques and criteria that have a foreseeable and demonstrated adverse effect on the employment opportunities of applicants in the protected age group (40-70)."
 
 
 3
 Defendant's responsive pleading, entitled Motion to Dismiss or Alternatively for Summary Judgment, asserted two arguments: first, that the defendant state attorney is not an employer within the meaning of the ADEA, and second, that the position applied for by plaintiff was exempted from the Act's coverage by virtue of the personal staff exception of 29 U.S.C. Sec. 630(f), which provides:
 
 
 4
 (f) The term "employee" means an individual employed by any employer except that the term "employee" shall not include any person elected to public office in any State or political subdivision of any State by the qualified voters thereof, or any person chosen by such officer to be on such officer's personal staff, or an appointee on the policymaking level or an immediate adviser with respect to the exercise of the constitutional or legal powers of the office. The exemption set forth in the preceding sentence shall not include employees subject to the civil service laws of a State government, governmental agency, or political subdivision.
 
 
 5
 In support of her motion, defendant attached copies of Florida state statutes which provide, inter alia, that the state attorney is an elected official;[2] assistant state attorneys serve at the pleasure of the appointing state attorney;[3] each state attorney is given complete discretion to determine the need for and to employ all assistant state attorneys;[4] and the state attorney and all her employees are exempted from the provisions of Florida's career service system.[5]
 
 
 6
 Without a formal hearing, the trial court granted defendant's motion to dismiss.[6] The court concluded that defendant Reno does not employ any "employees" within the meaning of the Act, and that therefore the court lacked jurisdiction to hear the case. In so holding, the court relied heavily on Ramirez v. San Mateo County District Attorney's Office, 639 F.2d 509 (9th Cir.1981), which held that deputy district attorneys are excluded from the definition of "employee" contained in Sec. 701(f) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e(f), a definition which is identical to that found in the ADEA. The Ramirez decision was based in large part on county charter provisions providing that deputy district attorneys serve at the pleasure of their superior and that they are exempt from the normal protections of the county civil service system. Citing the analogous Florida state statutes, supra, notes 2-5, the court below concluded that the defendant state attorney did not employ any "employees," and thus was not an employer under the Act.
 
 Discussion
 
 7
 While this court has yet to define the limits of the personal staff exemption contained in 29 U.S.C. Sec. 630(f), we have ruled on the application of the identical exemption found in Title VII, 42 U.S.C. Sec. 2000e(f). Since, as the Supreme Court has observed, the "prohibitions of the ADEA were derived in haec verba from Title VII," Lorillard v. Pons, 434 U.S. 575, 584, 98 S.Ct. 866, 872, 55 L.Ed.2d 40 (1978), we find decisions under the analogous section of Title VII highly relevant to the issue before us today.[7]
 
 
 8
 In Calderon v. Martin County, 639 F.2d 271 (5th Cir., Unit B, 1981) (Tjoflat, J.),[8] the Fifth Circuit discussed the personal staff exemption of Title VII in light of the district court's determination that a deputy sheriff was not an employee within the meaning of 42 U.S.C. Sec. 2000e(f). The court observed that:
 
 
 9
 a plaintiff's status as an employee
 
 
 10
 under Title VII is a question of federal, rather than of state, law; it is to be ascertained through consideration of the statutory language of the Act, its legislative history, existing federal case law, and the particular circumstances of the case at hand. See generally McClure v. Salvation Army, 460 F.2d 553, 556-7 (5th Cir.), cert. denied, 409 U.S. 896, 93 S.Ct. 132, 34 L.Ed.2d 153 (1972); Howard v. Ward County, 418 F.Supp. 494, 502-3 (D.N.D.1976); Smith v. Dutra Trucking Co., 410 F.Supp. 513, 515-17 (N.D.Cal.1976), aff'd, 580 F.2d 1054 (9th Cir.1978); Wall v. Coleman, 393 F.Supp. 826 (S.D.Ga.1975). State law is relevant insofar as it describes the plaintiff's position, including his duties and the way he is hired, supervised and fired.
 
 
 11
 Id. at 272-73.
 
 
 12
 Other courts, often citing the legislative history of Title VII,[9] have also concluded that the application of the personal staff exemption is a question of federal, not state law, and that the exemption is to be narrowly construed. See, e.g. Anderson v. City of Albuquerque, 690 F.2d 796, 800 (10th Cir.1982); Owens v. Rush, 654 F.2d 1370, 1375 (10th Cir.1981); Gearhart v. State of Oregon, 410 F.Supp. 597 (D.Or.1976); Wall v. Coleman, 393 F.Supp. 826 (S.D.Ga.1975).
 
 
 13
 Looking at this through Federal lenses, we agree with the district court's like conclusion that the assistant state attorney position at issue here falls within the federally prescribed personal staff exemption of the ADEA. The nature of the position--which invests the assistant state attorney with practically all of the duties, responsibilities and discretions of the state attorney--is such that the appointing state attorney must place a significant degree of trust in his assistants. As the Florida statutes indicate, the assistant state attorneys are given powers and responsibilities virtually co-extensive with those of the appointing state attorney. Fla.Stat. Sec. 27.181(3). And to insure that these are fully carried out, the assistant state attorneys serve at the pleasure of the appointing state attorney. Fla.Stat. Sec. 27.181(2). As a matter of Federal assessment, the position, as ordained by Florida statutes, is clearly one of policy-making level, involving one who necessarily advises, and acts upon, the exercise of constitutional and legal powers of the office of the state attorney.
 
 
 14
 We also believe that the trial court's inquiry passes muster under the analysis suggested in Calderon. As we there noted in the context of Title VII, an employee's status for purposes of the personal staff exemption is undoubtedly a question of federal, not state law. But, as in the present case, state laws describing the employment relationship are relevant and helpful, although not dispositive, in determining to whom the Act's protections apply. The trial court here, in determining the particular nature of the employment relationship in question, was properly guided by the Florida statute describing that relationship.
 
 
 15
 We do, however, disagree with the trial court's memorandum order in one respect. Rather than deciding simply that assistant state attorneys are exempt from the ADEA coverage, the district court went on to hold that defendant Reno is not an employer for purposes of the statute. Under this aspect of the district court's holding, not only would assistant state attorneys be denied the ADEA's protections, but so would all the investigators, secretaries, and other personnel who are appointed by and serve at the pleasure of the state attorney. We believe that such a holding sweeps too broadly, given the narrow construction intended for exemptions from Act's coverage. Because it was both unnecessary and too broad, we do not approve the lower court's ruling to that extent. We leave that to another day. As to the holding that the assistant state attorney position applied for is not covered by the ADEA, the district court's holding was correct, as was its judgment.
 
 
 16
 AFFIRMED.
 
 
 
 *
 Honorable John R. Brown, U.S. Circuit Judge for the Fifth Circuit, sitting by designation
 
 
 *
 Sec. 623. Prohibition of age discrimination
 Employer practices
 (a) It shall be unlawful for an employer--
 (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;
 
 
 [2]
 Fla.Stat. Sec. 27.01 (1981)
 
 
 [3]
 Fla.Stat. Sec. 27.181(2) (1981)
 
 
 [4]
 Fla.Stat. Sec. 27.25(1) (1981)
 
 
 [5]
 Fla.Stat. Sec. 110.205(2)(k) (1981)
 
 
 [6]
 Although matters outside the pleadings were presented to the court, defendant's motion to dismiss was not converted into a summary judgment motion. The lower court's order makes clear that the judge ruled only on the motion to dismiss, and we treat the case as being in that posture. Ware v. Assoc. Milk Producers, Inc., 614 F.2d 413 (5th Cir.1980)
 
 
 [7]
 Our reliance on interpretations of 42 U.S.C. Sec. 2000e(f) for purposes of delineating the personal staff exemption of the ADEA is based on the identical language of the statutory provisions. We thus express no opinion on whether the tests used in Title VII cases should be used to determine employee status in all ADEA cases. See Hickey v. ARKLA Industries, Inc., 699 F.2d 748, 751 (5th Cir.1983)
 
 
 [8]
 Adopted as the law of the Eleventh Circuit by virtue of Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir.1981) (en banc). The vitality of Calderon was also reaffirmed by this circuit in Cobb v. Sun Papers, Inc., 673 F.2d 337 (11th Cir.1982), cert. denied, 459 U.S. 874, 103 S.Ct. 163, 74 L.Ed.2d 135 (1982)
 
 
 [9]
 For a legislative history of the Title VII provision, see 1972 U.S.Code Cong. & Adm.News 2179, 2180. See also, 118 Cong.Rec. 4096-4097 (1972) (debate on scope of personal staff exemption)