**I R CONSTRUCTION PRODUCTS COMPANY, INC. (formerly Inryco, Inc.), Plaintiff,**

v.

**D.R. ALLEN & SON, INC., Defendant.**

No. C–C–90–29–P.

United States District Court,
W.D. North Carolina,
Charlotte Division.

June 19, 1990.

Garland S. Cassada, Edward F. Hennessey, Robinson Bradshaw & Hinson, P.A., Charlotte, N.C., for plaintiff.

John E. Raper, Jr., McCoy Weaver Wiggins Cleveland & Raper, Fayetteville, N.C., for defendant.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on Defendant D.R. Allen & Son's (hereinafter "Defendant") motion to dismiss on the ground of statute of limitations and/or

laches brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The record in this matter indicates Plaintiff I R Construction Products Company (hereinafter "Plaintiff") filed a complaint on January 23, 1990. The gist of the complaint alleges Defendant, who was a general contractor, failed to pay the balance of a contract performed by Plaintiff, a sub contractor. Defendant requested and was granted by the Court two extensions in which to file the answer to the complaint. Before filing the answer, Defendant filed this motion. Plaintiff responded to the motion on April 20, 1990.

Defendant claims in its motion that Plaintiff's complaint fails to state a claim upon which relief can be granted in that the claim arose more than three years prior to the filing on the complaint. Therefore, Defendant contends that the action is barred by the statute of limitations, or alternatively, that laches bars the action. *See N.C. Gen. Stat. § 1–52(1)* (1983) (providing for three year statute of limitations for North Carolina contract actions). To support its contention, Defendant has attached an affidavit of Mr. Jerry T. King, Vice President of Defendant, and numerous documents. According to Defendant, the affidavit and documents demonstrate that more than three years have elapsed from the time Plaintiff demanded payment under the contract and the date in which the complaint was filed. Thus, Defendant argues that Plaintiff has failed to state a claim upon which relief can be granted.

Plaintiff argues in the response that Defendant's motion requires the Court to consider matters outside the pleading; i.e. the attached affidavit and documents to Defendant's motion. Rule 12(b) directs the Court to treat a motion under Rule 12(b)(6) as a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure if matters outside the pleadings are presented to and not excluded by the Court. Therefore, the motion is properly styled a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Accordingly, Plaintiff argues that the Court should deny the motion with leave for Defendant to refile at the close of the discovery period or, in the alternative, order that disposition of the motion be stayed until the close of the discovery period.

■ The movant carries the burden of proof in a motion to dismiss for failure to state a claim. *See 2A Moore's Federal Practice*, 12.07 at 12–63 (Matthew Bender 1989) (hereinafter *"Moore's"*). The Court is required to presume all factual allegations of the complaint to be true. *Id.* All reasonable inferences are made in favor of the non-moving party. *Id.* The Court should deny a motion to dismiss for failure to state a claim "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief". *Id.* at 12–65 (citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)), *see also Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

■ A motion for failure to state a claim can be raised when the time alleged in the complaint shows that the action was not brought within the applicable statute of limitations. *See Moore's* at 12–85. However, where the defect does not appear on the face of the complaint, the motion to dismiss must be denied unless affidavits or other material is presented to the Court. *Id.* at 12–87. In such a case, the motion should be treated as a motion for summary judgment pursuant to the applicable provision of Rule 12(b). If a question of fact exists as to the defense, the issue cannot be determined on affidavits. *See Abdul–Alim Amin v. Universal Life Ins. Co. of Memphis*, 706 F.2d 638 (5th Cir.1983).

■ In this case, the Court believes that the complaint clearly indicates that the suit was filed within the applicable statute of limitations. According to Plaintiff, Defendant agreed to pay the contract price to Plaintiff when Defendant received payment from the owner. *See Complaint, filed January 23, 1990*, at 5. Plaintiff asserts that Defendant received final payment on March 2, 1987. *See Complaint*, at 9. Thus, the face of the complaint does not support Defendant's contention that the ac-

tion is barred by the three year statute of limitations.

 In order to grant Defendant's motion, the Court would have to consider the affidavit and the documents attached to the motion. It is left to the discretion of the Court whether or not to receive matters outside the pleadings on a Rule 12(b)(6) motion. *See Moore's* at 12–77; *see also Ware v. Associated Milk Producers, Inc.*, 614 F.2d 413 (5th Cir.1980). The Court should decline from considering the outside matters if to do so would be unfair to the plaintiff because he had no opportunity for discovery to meet the allegations raised therein. *See Kinee v. Abraham Lincoln Federal Savings & Loan Ass'n*, 365 F.Supp. 975 (E.D.Pa.1973).

The Court believes that it would be unfair to Plaintiff to consider the affidavit and documents submitted by Defendant. The Court believes that those documents are unclear as to exactly when the statute of limitation period began to run. Moreover, Plaintiff has not had an opportunity to depose the affiant, Mr. King. At this point in the proceedings, the Court will exclude those documents from its consideration of the motion to dismiss. After the discovery period has ended, the Court will entertain a motion for summary judgment based on the statute of limitations or laches if Defendant chooses to so move.

NOW, THEREFORE, IT IS ORDERED that Defendant's motion to dismiss on the ground of statute of limitations and/or laches brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure be, and hereby is, DENIED.