Julius John BOUDELOCHE,
Plaintiff-Appellant,

v.

GROW CHEMICAL COATINGS CORP.,
etc., et al., Defendants,

and

Brown & Root, Inc., Defendant-Appellee.

No. 83–3173.

United States Court of Appeals,
Fifth Circuit.

April 2, 1984.

John F. McKay, Baton Rouge, La., for plaintiff-appellant.

Brian G. Meissner, New Orleans, La., for Brown & Root, Inc.

Before BROWN, GEE and WILLIAMS, Circuit Judges.

PER CURIAM:

Appellant filed suit against his employer, Brown & Root, Inc. for injuries allegedly sustained after being ordered by his Brown & Root supervisor to paint the interior of a tank without the benefit of ventilation equipment. The cause of action was based on the "intentional act" exception to the Louisiana Workmen's Compensation statute. La.Rev.Stat.Ann. § 23:1032 (West 1976). The district court dismissed the action for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). We reverse.

On March 3, 1978, appellant Julius John Boudeloche, while employed by Brown & Root, Inc. was working at a construction site in Taft, Louisiana. He was instructed by his supervisor to paint the interior of a partially enclosed cylinder shaped tank. The tank was approximately fifteen feet high and contained two manholes. When ordered to perform the job, Boudeloche requested that air blowers and respirators be supplied to insure that the job could be performed safely within the enclosed area. This request was denied, and Boudeloche was ordered by his Brown & Root supervisor to begin work without the safety equipment.

Boudeloche asserts that after working in the tank for a short time, both he and his assistant became dizzy and nauseated. He purportedly advised his supervisor of his condition, but was ordered to continue working. He asserts that by noon he had become ill to the point where he was vomiting blood. He again informed his supervisor of his condition. He allegedly was told to return to the tank to finish the job or leave the plant.

Boudeloche filed suit in the United States District Court for the Eastern District of Louisiana based on diversity jurisdiction. Named as defendants were Tnemec Company, Inc., Grow Chemical Coatings Corporation,[1] and Ashland Chemical, Inc. He sought recovery for injuries resulting from inhalation of the fumes which were released from the paint, paint primer, and thinner mixture used to paint the interior of the tank. He alleged that these fumes caused severe damage to his nervous system and body organs.

Boudeloche subsequently amended his original complaint to add as a defendant, Brown & Root, Inc. The district court dismissed the claim against Brown & Root for failure to state a claim, holding that Boudeloche's exclusive remedy against Brown & Root was under the Louisiana Workmen's Compensation statute. Boudeloche appeals the district court's dismissal of his action against Brown & Root.

Under Louisiana law, in order to avoid the general rule that an employee's exclusive remedy for a job related injury is worker's compensation, the employee must prove that the injury resulted from an intentional act. La.R.S. 23:1032;[2] *Bazley v. Tortorich*, 397 So.2d 475 (La.1981).

---

1. Grow Chemical Coatings Corporation filed a motion for summary judgment which was granted by the district court.

2. La.R.S. 23:1032, as amended by Act 147 of 1976, provides:
 The rights and remedies herein granted to an employee ... on account of an injury ..., shall be exclusive of all other rights and rem-

In *Bazley, supra,* the Louisiana Supreme Court broadened the definition of "intentional act" as it applies to § 23:1032. The court expressly disapproved the previous standard required by Louisiana courts that the "plaintiff prove, in order to recover, that the defendant desired the physical results of his act in every case." The court stated:

> The meaning of intent in this context is that the defendant either desired to bring about the physical results of his act, or believed that they were substantially certain to follow from what he did ... Intent is not, however, limited to consequences which are desired. If the actor knows that the consequences are certain, or substantially certain, to result from his act and still goes ahead, he is treated by the law as if he had in fact desired to produce the result. Restatement (Second) of Torts, § 8A, Comment; Prosser [Law of Torts] § 8.

*Id.* at 482.[3]

Paragraph 9 of the appellant's complaint plainly stated the facts of the case:

> On the 3rd day of March, 1978, plaintiff, Julius Boudeloche, while in the employ of Brown & Root, Inc. at the construction site at Taft, Louisiana, was painting the interior surface of a large tank with a paint primed, '77 Chem-Prime, a phenolic fortified alkyd, manufactured by defendant, Tnemec Company, Inc., and purchased from defendant for this job by Brown & Root, Inc., this primer was mixed with a touluene thinner purchased from Ashland Chemical, Inc. by Brown & Root for this job. In this process of painting the structure, plaintiff inhaled fumes released from the primer and thinner mixture. After several hours, plaintiff became ill and left the tank to inform his supervisors of the situation. At which time, defendant, Horace Blackledge, his supervisor informed him that if he did not get back into the tank to finish the painting, that he would be fired. Plaintiff re-entered the tank and inhaled more fumes. The inhalation of said fumes in both instances, proximately caused the injuries and accident herein sued upon.

In addition, paragraph 10A of the appellant's amended complaint stated:

> Plaintiff avers that the intentional ordering of plaintiff by his supervisors to return to work in an unsafe area was also a proximate cause of the injuries sustained by plaintiff and that Brown & Root, Inc., as well as unknown officers, directors, supervisors, and/or other employees, are strictly liable in tort for the accident, injuries and expenses caused by the intentional tort by employees of Brown & Root, Inc., in the following particulars; among others to be shown at the time of trial:
>
> 1. Intentionally ordering plaintiff to return to work in a tank containing dangerous fumes with the knowledge of such dangerous fumes;
>
> 2. Failing to provide adequate safety equipment, such as air blowers and respirators, after becoming aware of the dangerous condition.

The law is well settled that the Federal Rules of Civil Procedure do not require

---

edies ... against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal...

\* \* \* \* \* \*

Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.

The immunity from civil liability provided by this Section shall not extend to: 1) any officer, director, stockholder, partner or employee of such employer or principal who is not engaged at the time of the injury in the normal course and scope of his employment; and 2) to the liability of any partner in a partnership which has been formed for the purpose of evading any of the provisions of this Section.

**3.** Bound by the Erie Doctrine, we accept the Louisiana Supreme Court's definition of intentional act as it applies to the Louisiana Workmen's Compensation statute. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

a claimant to set out in detail the facts upon which he bases his claim. The Rules merely require "a short and plain statement of the claim" that gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. Fed.R.Civ.P. 8(a); *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). In *Conley,* the Supreme Court stated:

> In appraising the sufficiency of the complaint, we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Id.* at 45–46, 99 S.Ct. at 101–102. As *Conley* and Rule 8 indicate, mere "notice" pleadings suffice in federal court.

In light of the liberal notice pleading requirements set out in Rule 8, the Supreme Court's decision in *Conley,* and the Louisiana Supreme Court's broadened definition of intentional act as it applies to § 23:1032, we conclude that appellant's pleadings were adequate to withstand a Rule 12(b)(6) motion to dismiss. It is not beyond doubt that plaintiff could prove a set of facts which would support his claim.

It may well be that plaintiff's allegations may not be able to stand the scrutiny of a motion for summary judgment supported by affidavits. But where pleadings are sufficient, yet it appears almost a certainty to the court that the facts alleged cannot be proved to support the legal claim, a motion to dismiss for failure to state a claim must nevertheless be overruled. Under a motion for summary judgment, the court can instead consider affidavits or depositions, answers to interrogatories and the material outside the pleadings. If these documents reveal that no genuine issue of fact exists, then a summary judgment properly disposes of the case. Fed.R.Civ.P. 56; *Exxon Corp. v. Maryland Casualty Co.,* 599 F.2d 659, 661 (5th Cir.1979); *Bossard v. Exxon Corp.,* 559 F.2d 1040, 1041 (5th Cir. 1977).

We accordingly reverse the district court's dismissal of appellant's action against appellee Brown & Root.

REVERSED.