816 F.2d 681
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Orbain OWENS, Sr., Plaintiff-Appellant,
v.
JOHNSON & JOHNSON PUBLICATION, Defendant-Appellee.
 No. 86-5656.
 United States Court of Appeals, Sixth Circuit.
 April 24, 1987.
 
 Before MARTIN, WELLFORD and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and records, this panel unanimously agrees that oral argument is not necessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 On March 4, 1986, plaintiff-appellant filed a civil rights action in the district court for the Western District of Tennessee. The action alleges that plaintiff was libeled by the defendant publication in an article appearing in the April 1, 1985 issue of Jet magazine. That brief article identifies plaintiff as the "ex-husband" of his deceased wife and adds that plaintiff was charged with first degree murder in her death. Construing the petitioner's claim liberally, the district court concluded that it stated a cause of action in libel for which jurisdiction existed under 28 U.S.C. Sec. 1332 (1976). However, plaintiff's action was dismissed pursuant to Rule 12(b)(6) with the district court generally referring to the affirmative defenses raised by the defendants.
 
 
 3
 Upon review of the case, we believe the district court's judgment should be vacated and this case should be remanded to the district court for further consideration. None of the affirmative defenses raised by the plaintiff satisfies the standards of Rule 12(b)(6). Only when it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief is dismissal proper under that rule. Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 106 S.Ct. 788 (1986). While recovery may be unlikely in the present action, it is not beyond doubt. See Schever v. Rhodes, 416 U.S. 232, 236 (1974); Boudeloche v. Grow Chem Coating Corp., 728 F.2d 759, 762 (5th Cir. 1984).
 
 
 4
 The district court has subject matter jurisdiction under 28 U.S.C. Sec. 1332, as recognized by its order of March 6, 1986. The claims brought under that jurisdiction are not barred by the Tennessee statutes relied on by defendant. In Tennessee, the statute of limitations for libel is one year from the date of publication. Tenn. Code Ann. Sec. 28-3-104. Therefore, that portion of plaintiff's complaint alleging libel is not outside the statute of limitations. Failure to satisfy the six-month limitation period of Sec. 28-3-103, applies only to plaintiff's allegation of slander. Likewise, plaintiff's failure to give five-day's written notice to defendant as required by Sec. 29-24-103 does not bar his right of action, but only his recovery of punitive damages. Langford v. Vanderbuilt University, 199 Tenn. 389, 287 S.W.2d (1956). Nor does Sec. 47-25-1011 prevent recovery as plaintiff does not assert a violation of his right of publicity via the unauthorized use of his name.
 
 
 5
 While it does appear from the record that the defense of truth would bar recovery for a portion of plaintiff's claim, Memphis Publ. Co. v. Nichols, 569 S.W.2d 412, 420 (Tenn. 1978), the portion of the complaint alleging mischaracterization of plaintiff's marital status must be assumed to be true for the purposes of dismissal under Rule 12(b)(6). L'Orange v. Medical Protective Co., 394 F.2d 57, 59 (6th Cir. 1968). The remaining affirmative defenses asserted do not bar recovery under this portion of the plaintiff's complaint. Because the district court did not articulate a specific ground for dismissal, Bellamy v. Bradley, 729 F.2d 416, 418 (6th Cir. 1984), we must reverse.
 
 
 6
 The judgment of the district court entered May 19, 1986, is vacated and this case is hereby remanded to the district court pursuant to Rule 9(d)(4), Rules of the Sixth Circuit.