**Sonia K. WALLACE, Plaintiff,**

v.

**GENERAL MOTORS CORPORATION, Defendant.**

Civ. A. No. H–87–2063.

United States District Court,
S.D. Texas,
Houston Division.

Sept. 23, 1987.

Leopoldo Frag, Jr., Houston, Tex., for plaintiff.

Nancy Morrison O'Connor, Fullbright & Jaworski, Houston, Tex., for defendant.

## ORDER

McDONALD, District Judge.

Pending before the Court is Defendant's Motion to Dismiss, or, in the alternative, Motion for Summary Judgment. Having considered the arguments of the parties and the applicable law, the Court is of the opinion that the Motion should be DENIED.

### Background

Plaintiff filed this action on June 24, 1987 alleging that Defendant discriminated against her with regard to conditions of employment because of her sex, in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). Ms. Wallace was employed continuously by Defendant from September 1, 1982 to January 2, 1986, when she contends that she was constructively discharged because of Defendant's purported discriminatory employment practices.

Plaintiff states that she filed a charge of discrimination jointly with the Texas Commission on Human Rights and the Houston District Office of the Equal Employment Opportunity Commission ("EEOC") on August 25, 1986, 237 days following her constructive discharge. On or about March 30, 1987, the EEOC issued Plaintiff a Notice of Right to Sue.

In its Motion, Defendant argues that Plaintiff failed to file her charge with the Texas Human Rights Commission within the time prescribed by state law. Defendant maintains that this failure deprives the Court of subject matter jurisdiction and that this action should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

### Applicable Law

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) "is viewed with disfavor and is rarely granted." *Kaiser Aluminum and Chemical Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir. 1982), quoting 5 C. Wright and A. Miller, *Federal Practice and Procedure* § 1357 at 598 (1969). It is well settled that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *See also Boudeloche v. Grow Chemical Coatings Corp.,* 728 F.2d

759, 762 (5th Cir.1984); *Kaiser*, 677 F.2d at 1050.

Timely filing with the EEOC is a prerequisite to bringing suit under Title VII.[1] Under § 706(e) of Title VII, a party who institutes proceedings with a state agency with jurisdiction over the charge may file a charge with the EEOC within 300 days of the discrimination. In states without local agencies, the charge must be filed with the EEOC within 180 days of the discrimination. 42 U.S.C. § 2000e–5(e).

In Texas, a charge must be lodged with the Texas Human Rights Commission within 180 days of the discrimination. Tex.Rev. Civ.Stat.Ann. Art. 5221k. The Plaintiff did not meet this filing requirement.

Consequently, the issue arises whether the 300–day filing period with the EEOC is available to a claimant who fails to file a state charge within the state limitation period. This question, left unresolved by the Supreme Court in *Delaware State College v. Ricks*, 449 U.S. 250, 260 n. 13, 101 S.Ct. 498, 505 n. 13, 66 L.Ed.2d 431 (1980), continues to divide the courts.[2] Indeed, the issue has not been resolved by the Fifth Circuit.

The Court concludes that the instant action is not precluded by the fact that Plaintiff filed her charge with the EEOC within 300 days of the alleged discrimination, but with the state agency after the state limitations period had lapsed. This conclusion is supported by decisions of both the Sixth and Tenth Circuits and by EEOC regulations. Moreover, it is consistent with the remedial purpose of Title VII.

The Sixth Circuit in *Rasimas v. Michigan Department of Mental Health*, 714 F.2d 614 (6th Cir.1983) and the Tenth Circuit in *Smith v. Oral Roberts Evangelistic Association*, 731 F.2d 684 (10th Cir.1984) have both held that Title VII claimants in states with discrimination agencies are not required to meet state filing deadlines before the 300 day federal filing period may be invoked. Indeed, EEOC regulations also declare that a timely state filing is not a prerequisite to application of the extended federal filing period.[3]

Accordingly, it is ORDERED, ADJUDGED, and DECREED that the Motion be and hereby is DENIED.

The Clerk shall file this Order and provide a true copy to counsel for all parties.

---

**1.** In *Zipes v. Trans World Airlines*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), the Supreme Court held that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court but, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.

**2.** *See* B. Schlei & P. Grossman, Employment Discrimination Law 190–91 (2d Ed.Supp.1985), and cases cited therein.

**3.** 29 C.F.R. § 1601.13(a)(3) states:

Charges arising in jurisdictions having a 706 Agency but which charges are apparently untimely under the applicable state or local statute of limitations are filed with the Commission upon receipt. Such charges are timely filed if received by the Commission within 300 days from the date of the alleged violation. Copies of all such charges will be forwarded to the appropriate 706 Agency.