**John A. CAIRO, Jr.**

v.

**OH MATERIAL CORPORATION, et al.**

**Civ. A. No. 88–942–A.**

United States District Court,
M.D. Louisiana.

April 4, 1989.

J. Courtney Wilson, Metairie, La., for plaintiff.

Durwood McLaughlin, McLaughlin & Goode, Baton Rouge, La., and E. Joel Wesp

and James R. Vaughn, West, Osterkamp & Stratton, Columbus, Ohio, for defendants.

## RULING ON MOTION TO DISMISS

JOHN V. PARKER, Chief Judge.

This matter is before the court upon the report and recommendation of United States Magistrate Stephen C. Riedlinger who was appointed as Special Master under the authority of 42 U.S.C. § 2000e–5(f)(5) for the purpose of making findings of fact and conclusions of law on all issues involved in this Title VII action. The Special Master recommends that a motion to dismiss for failure to state a claim upon which relief can be granted filed on behalf of defendants be granted and that the pendent state law claims be dismissed without prejudice.

Plaintiff has filed an opposition to the Special Master's report. The court has considered the matter and concludes that the Special Master's report is correct in every respect and accordingly hereby approves the Special Master's report and recommendation and adopts it as the court's opinion herein.

Accordingly, the motion to dismiss on behalf of the defendants is hereby GRANTED and this action will be dismissed; the state law claims will be dismissed without prejudice.

## SPECIAL MASTER'S REPORT

STEPHEN C. RIEDLINGER, United States Magistrate.

This matter is before the court on a motion to dismiss filed by the defendants. The motion is opposed.

Plaintiff, John A. Cairo, Jr., filed this action against defendants, OH Materials and Michael Hargett. He alleged that his claim was one of sex discrimination under Title VII, 42 U.S.C. § 2000e et seq. and also invoked the court's pendent jurisdiction. Defendants filed the motion to dismiss the complaint pursuant to Rules 12(b)(1), (3) and (6) of the Federal Rules of Civil Procedure. Defendants contended that the plaintiff's suit should be dismissed for lack of jurisdiction over the subject matter, improper venue and failure to state a claim upon which relief can be granted. The objection to venue is now moot since the plaintiff moved for a transfer to the Middle District of Louisiana and the order of transfer was signed October 31, 1988. Thus, in this report the court will address only the two remaining motions.

Plaintiff alleged that he was an employee of OH Materials as southern regional product manager and was fired on May 18, 1988. He alleged further that the actual reason for his termination was not the stated reason of poor job performance, but the "sex-linked" reason that defendant, Michael Hargett, wanted to date the plaintiff's wife without the plaintiff being present. Plaintiff claimed that when he refused, he was fired on the recommendation of Hargett. In opposition to the defendants' motion, the plaintiff argued that the claim was not one of sexual harassment, but one of disparate treatment.

His argument was that if the plaintiff had been a woman he would not have been treated in the same manner. Plaintiff contended his supervisor "presumably" would not have asked for a date with the spouse of a female subordinate and plaintiff would not have been fired. Finally, the plaintiff submitted that his Title VII claim meets the "simple test" of *Los Angeles Department of Water and Power v. Manhart*, 435 U.S. 702, 98 S.Ct. 1370, 1377, 55 L.Ed.2d 657 (1978), which is that sex discrimination is treatment of a person which but for that person's sex would be different.

Defendants argued, however, that the complaint failed to state a claim for relief under Title VII. Defendants asserted that under the facts as alleged in the plaintiff's complaint, the plaintiff did not claim that he was discriminated against because he was a man, but rather for the "sex-linked" reason that defendant Hargett wanted to date his wife. Even if the facts alleged are true, the defendants argued that such an allegation did not state a valid claim of sex discrimination or sexual harassment.

In evaluating the complaint for purposes of a Rule 12(b)(6) motion, the court must

determine the sufficiency of the complaint by the following standard: "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim...." *Boudeloche v. Grow Chemical Coatings Corp.*, 728 F.2d 759 (5th Cir.1984); *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The question is whether in the light most favorable to the plaintiff, and with every doubt resolved in his favor, the complaint states any valid claim for relief. The issue must be resolved in light of the existing law interpreting Title VII which prohibits discrimination in employment "against any individual with respect to his compensation, terms, conditions, or provisions of employment, because of such individual's ... sex." *See*, 42 U.S.C. § 2000e–2(a)(1).

The key phrase is "because of such individual's ... sex." Because the word "sex" was added to Title VII shortly before passage there is little legislative history to guide the courts in interpreting the Act's prohibition against discrimination based on sex. *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 106 S.Ct. 2399, 2404, 91 L.Ed.2d 49 (1986).[1] In several cases involving Title VII claims based on "affectational or sexual orientation,"[2] the circuit courts have addressed the meaning of the phrase which proscribes discrimination based on sex.[3] The Fifth Circuit stated that Title VII should reach any device or policy of an employer which serves to deny job opportunities to an individual *because* the individual is either male or female.[4] The court further concluded in *Willingham* that the scope of Title VII was never intended to encompass sex classifications having only an insignificant effect on employment opportunities; that distinguishing in employment practices between men and women on the basis of something other than immutable or protected characteristics did not inhibit employment opportunities in violation of Title VII.[5] *Smith* involved a claim by a male applicant who claimed he was discriminated against because of sex when he was denied a job because the interviewer considered him effeminate. In *Smith*, the Fifth Circuit reaffirmed the principles set forth in *Willingham*, and stated that the prohibition against sexual discrimination could not be extended to situations of questionable application without some stronger Congressional mandate.[6] Applying the principle of statutory construction that unless otherwise defined, words should be given their ordinary, common meaning,[7] the Fifth Circuit, along with other circuits, essentially concluded that "sex" logically could only refer to membership in a class delineated by gender, rather than sexual activity regardless of gender.[8]

A review of the other categories of prohibited discrimination under Title VII—race, color, religion and national origin—shows that the law is concerned with a person's status as a member of a particular group. *DeCintio*, 807 F.2d at 306. Sex, in this context, therefore could only refer to membership in a class delineated by gender. Plaintiff alleged in his complaint that he was fired for "sex-linked" reasons. The actual wording of the complaint indicated the lack of any causal connection between the plaintiff's gender and the discrimination alleged.

Plaintiff stated in his memorandum that his claim was not one of sexual harass-

---

1. Sex as a basis of discrimination was added as a floor amendment one day before the House of Representatives approved Title VII, without prior hearing or debate. *Ulane v. Eastern Airlines, Inc.*, 742 F.2d 1081 (7th Cir.1984).

2. *Ulane*, 742 F.2d at 1085.

3. *See, Willingham v. Macon Telegraph Publishing Company*, 507 F.2d 1084 (5th Cir.1975); *Smith v. Liberty Mutual Insurance Company*, 569 F.2d 325 (5th Cir.1978); *DeCintio v. Westchester County Medical Center*, 807 F.2d 304 (2d Cir.1986); *Sommers v. Budget Marketing, Inc.*, 667 F.2d 748 (8th Cir.1982); *Ulane, supra; DeSantis v. Pacific Tel. & Tel. Co., Inc.*, 608 F.2d 327 (9th Cir.1979).

4. *Willingham*, 507 F.2d at 1091.

5. *Id.*, at 1091–92.

6. *Smith, supra* at 327.

7. *Perrin v. United States*, 444 U.S. 37, 100 S.Ct. 311, 314, 62 L.Ed.2d 199 (1979).

8. *DeCintio*, 807 F.2d at 306.

ment.[9] However, the court will address the issue since this is a motion to dismiss. Both parties rely in part on the Fifth Circuit decision in *Simmons v. Lyons,* 746 F.2d 265 (5th Cir.1984). *Simmons* involved a Title VII claim brought by a mother and daughter against their employer, the local sheriff. The plaintiffs alleged that the employer had conditioned their continued employment on the daughter's submission to sexual advances. The mother also claimed that the failure to reemploy her resulted from gender-based discriminatory employment practices of the defendant that favored men over women. The court held that the daughter clearly had a sexual harassment claim and noted that since summary judgment was not proper as to the mother's disparate treatment claim, it was unnecessary to reach the "less certain" conclusion that the mother, not rehired because her daughter rejected the employer's advances, was herself entitled to Title VII relief on the basis that she was not reemployed due to sex discrimination.[10]

Defendants argued that the holding and statement by the court in *Simmons* supported their argument that "third party" claims such as the plaintiff's did not state a claim for relief under Title VII. Plaintiff contended that *Simmons* implies that an individual not the subject of the advances would have a claim. The court has reviewed similar cases and finds that the present case is distinguishable. In the re-

taliation cases [11] cited in *Simmons,* the decisions were based upon the policy behind Title VII retaliation claims.[12] Furthermore, the persons who engaged in the protected conduct and the persons who were allegedly discriminated against were either employees or prospective employees of the defendant employer.

So-called "paramour" cases also do not lend support to the plaintiff's arguments.[13] Those cases also involved situations where the individual who was the object of the sexual advances and the individual who was allegedly discriminated against were both employees. In this case, the sexual harassment was not directed to any employee of the defendants. Plaintiff's wife (who would have been the object of the sexual advances) was not employed by the defendants and the plaintiff himself did not experience any harassment because of his gender. There is no authority or legislative history to support extending the meaning of discrimination "because of sex" to include sexual liaisons with and sexual attractions to third parties not employed by the defendant employer.

The code of federal regulations explaining harassment on the basis of sex also does not support the plaintiff's position. Title 29 CFR § 1604.11(g) provides under the title "Other related practices," that where employment opportunities are granted because of an individual's submission to the employer's sexual advances or requests

---

9. Guidelines on sexual harassment in 29 CFR § 1604.11 provide in pertinent part as follows:

      (a) Harassment on the basis of sex is a violation of Sec. 703 of Title VII. Unwelcome sexual advances, requests for sexual favors, and other verbal or physical contact of a sexual nature constitute sexual harassment when (1) submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment, (2) submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual, or (3) such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment.

      (b) In determining whether alleged conduct constitutes sexual harassment, the Commission will look at the record as a whole and at

the totality of the circumstances, such as the nature of the sexual advances and the context in which the alleged incidents occurred. The determination of the legality of a particular action will be made from the facts, on a case by case basis.

10. *Simmons,* 746 F.2d at 270–71.

11. *DeMedina v. Reinhart,* 444 F.Supp. 573 (D.C. D.1978); *Clark v. R.J. Reynolds Tobacco Co.,* 27 FEP Cases 1628, 1982 WL 2277 (E.D.La.1982).

12. In enacting 42 U.S.C. § 2000e–3, Congress intended to ensure that no person would be deterred from exercising rights under Title VII by the threat of discriminatory retaliation. *DeMedina,* 444 F.Supp. at 580.

13. *King v. Palmer,* 598 F.Supp. 65 (D.C.1984), *rev'd on other grounds,* 778 F.2d 878 (D.C.Cir. 1985); *see, DeCintio,* 807 F.2d at 306–07.

for sexual favors, the employer may be held liable to other persons who were qualified for but denied that employment opportunity or benefit. Regulations guiding the application of Title VII's prohibitions are entitled to great deference by the courts.[14] However, even under this regulation, the plaintiff would not have a claim for relief. Again, in this case there was no "submission" to any sexual advances or requests made by the employer to an employee, and no qualified potential employee was denied an employment opportunity because another employee submitted to sexual advances.

The court need not discuss the defendants' motion to dismiss for lack of subject matter jurisdiction since the basis for the motion is that the plaintiff has failed to state a claim cognizable under Title VII. The merits of this issue have already been addressed under the Rule 12(b)(6) motion. Viewing the matter in a light most favorable to the plaintiff and with every doubt resolved in his favor, the complaint states no valid claim for relief under Title VII.

Plaintiff also alleged pendent state law claims. When the federal claims are disposed of prior to trial, generally the court should decline to exercise pendent jurisdiction. *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 108 S.Ct. 614, 619, 98 L.Ed.2d 720 (1988). There appears to be no reason for this court to exercise its pendent jurisdiction in this case.

## RECOMMENDATION

It is the recommendation of the magistrate that the motion to dismiss by the defendants OH Materials and Michael Hargett be granted.

It is further recommended that the court decline to exercise pendent jurisdiction over the plaintiff's state law claims.

Baton Rouge, Louisiana, February 22, 1989.

---

**14.** *Albemarle Paper Company v. Moody,* 422 U.S.   405, 95 S.Ct. 2362, 2378, 45 L.Ed.2d 280 (1975).