**CAPITAL PARKS, INC., Plaintiff,**

v.

**SOUTHEASTERN ADVERTISING & SALES SYSTEM, INC., Waco Memorial Park, and Byron D. Reeves, Defendants.**

Civ. A. No. W–93–CA–297.

United States District Court,
W.D. Texas,
Waco Division.

Oct. 14, 1993.

Michael Cosby & John Burleson, Pakis, Giotes, Beard & Page, Waco, TX, for plaintiff.

Roy L. Barrett, Stuart Smith, Naman, Howell, Smith & Lee, P.C., Waco, TX, for defendants.

### ORDER

WALTER S. SMITH, Jr., District Judge.

Came on this date to be considered the Defendants' Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted. Having reviewed the briefs of the parties, the Court is persuaded the motion should be granted.

A motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Kaiser Aluminum and Chemical Sales, Inc. v. Avondale Shipyards, Inc.,* 677

F.2d 1045, 1050 (5th Cir.1982) quoting 5 C. Wright and A. Miller, *Federal Practice and Procedure* § 1357 at 598 (1969). It is well settled that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Boudeloche v. Grow Chemical Coatings Corps.,* 728 F.2d 759, 762 (5th Cir.1984); *Kaiser,* 677 F.2d at 1050. When considering such a motion, the complaint must be liberally construed in the plaintiff's favor, and all facts pleaded in the complaint should be accepted as true. *Campbell v. Wells Fargo Bank, N.A.,* 781 F.2d 440, 442 (5th Cir.1986). "The question therefore is whether in the light most favorable to Plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." 5 Wright and Miller, *Federal Practice and Procedure,* Section 1357 at 601.[1]

Accepting as true the allegations of Plaintiff's complaint, the following facts emerge:

Defendant Southeastern Advertising & Sales System, Inc. ("Southeastern") granted to Plaintiff Capital Park, Inc.[2] ("Capital Park") a right of first refusal "with respect to the purchase of all the issued and outstanding capital stock or substantially all of the operating assets of WACO MEMORIAL PARK, a Texas corporation" (the "option clause"). *Plaintiff's Request for Temporary Injunction and Plaintiff's First Amended Original Petition,* p. 2. The shareholders of Southeastern are presently in the process of selling their shares of Southeastern to a third party—Loewen Group International, Inc. ("Loewen"). Capital Park asserts this attempted sale violates the option clause because it has not been given the right of first refusal with respect to Waco Memorial Park. Capital Park further asserts that Southeastern is merely the alter ego of Defendant

---

1. The Plaintiff has filed a number of documents in support of its response to Defendants' Motion to Dismiss. Because the Court has not considered those exhibits in ruling upon this matter, the standard of proof regarding summary judgment motions is inapplicable.

2. The contract was actually with Donovan Miller, Trustee, acting as an agent for Capital Memorial Park, Inc. of Austin, which subsequently changed its name to Capital Park, Inc.

Byron Reeves and/or Waco Memorial Park and that the corporate fiction should be disregarded.

 There is no authority directly on point in this case; however, some general rules regarding corporations provide guidance. The corporate form was devised as a means of avoiding personal liability on the part of a corporation's officers, directors and shareholders. *Castleberry v. Branscum,* 721 S.W.2d 270, 271 (1986). As the shareholders have no liability, they also have no ownership interest in the corporate assets; those are the sole property of the corporation. The shares of corporate stock, on the other hand, are the personal property of the shareholders. *Engel v. Teleprompter Corp.,* 703 F.2d 127, 131 (5th Cir.1983). While the corporation may sell its assets to other entities, the shareholders have the ability to sell the corporation itself through transfer of their stock. As the *Teleprompter* court noted, "A purchase of stock in a corporation ... does not constitute the purchase of the corporate assets, just as a transfer of the stock of a corporation is not a transfer of the property and assets of the corporation itself." *Id.* at 131.

An entire corporation may be acquired by another entity in two ways: through merger or purchase as a subsidiary. A merger occurs when one corporation is absorbed by another and ceases to exist, while the absorbing corporation remains. The absorbing corporation thus obtains all of the assets, and liabilities, of the now extinct corporation. However, if the purchased corporation remains as a separate legal entity, it becomes a subsidiary corporation and retains all of its own assets and liabilities. *Id.*

 As previously noted, the pleadings in the present case reflect that Loewen is attempting to purchase all of Southeastern's stock. At the hearing on Plaintiff's motion for a preliminary injunction, it became clear that Southeastern would not continue as a separate entity, but would be merged into Loewen. If continued as a subsidiary, then Plaintiff obviously would have no claim, because Waco Memorial Park would remain an asset of Southeastern. However, even if a complete merger occurs, there is no basis upon which Plaintiff may recover, unless the corporate veil is somehow pierced.

First, it is basic contract law that only the parties to a contract are bound by its terms. The plain language of the option contract in question binds only Southeastern and Capital Parks, not Southeastern's shareholders.[3] Complete relief could not be obtained in the present suit anyway, as Plaintiff has sued only one shareholder—Byron D. Reeves.

Second, the proposed sale of Southeastern is not in violation of the plain language of the option clause. The clause is triggered by a bona fide offer to purchase the "issued and outstanding capital stock or substantially all of the operating assets of Waco Memorial Park...." There has been no such offer in the present case, merely an offer to purchase the stock and assets of Southeastern.

Finally, as previously noted, once a corporation is merged into another, the appropriating corporation assumes all of the liabilities of the merged corporation as well as its assets. The right of first refusal will continue to be a liability binding upon Loewen as it steps in the shoes of Southeastern. Loewen will be unable to sell Waco Memorial Park without extending to Plaintiff a right of first refusal.

 Plaintiff's complaint also asserts that Southeastern is the alter ego of Defendant Byron D. Reeves, and possibly the other shareholders, or that Waco Memorial Park is the alter ego of Southeastern. As previously noted, incorporation protects shareholders, officers and directors from liability for corporate obligations. However, the corporate fiction will be disregarded when those individuals have abused the corporate privilege, and have used the corporate form "as part of a basically unfair device to achieve an inequita-

---

3. Plaintiff presents affidavits which indicate that the parties intended for the right of first refusal to bind not only Southeastern, but also its shareholders and/or Defendant Reeves. However, as previously noted, the Court has disregarded all matters beyond the pleadings. Even construed under the rules regarding summary judgments, this proof would be barred by the parol evidence rule.

ble result." *Id.* The corporate fiction may be disregarded in the following circumstances:

(1) when the fiction is used as a means of perpetrating fraud;

(2) where a corporation is organized and operated as a mere tool or business conduit of another corporation;

(3) where the corporate fiction is resorted to as a means of evading an existing legal obligation;

(4) where the corporate fiction is employed to achieve or perpetrate monopoly;

(5) where the corporate fiction is used to circumvent a statute; and

(6) where the corporate fiction is relied upon as a protection of crime or to justify wrong.

*Id.* at 272. Inadequate capitalization is an additional basis for disregarding the corporate fiction. *Id.* at 272 n. 3.

From the foregoing, the Fifth Circuit has extracted "three distinct strands of corporate disregard under Texas law . . ., each [with] a different application." *Pan Eastern Exploration Co. v. Hufo Oils,* 855 F.2d 1106, 1131 (5th Cir.1988). These consist of: (1) classic "alter ego" theory, embodied in ground number two of the *Castleberry* list; (2) use of the corporate form for an illegal purpose, such as "avoiding legal limitations upon natural persons or corporations," *Gibraltar Savings v. LDBrinkman Corp.,* 860 F.2d 1275, 1288 (5th Cir.1988), *cert. denied,* 490 U.S. 1091, 109 S.Ct. 2432, 104 L.Ed.2d 988 (1989); and (3) use of the corporate form as a sham to perpetrate a fraud. *Id.* at 1289.

However, Plaintiff's complaint apparently asserts that the corporate formalities of only Waco Memorial Park were not maintained; there is no allegation that Southeastern's corporate formalities were disregarded. As such, Plaintiff's alter ego theory is without merit because the option contract, as noted, is binding only upon Southeastern. If the corporate veil of Waco Memorial Park is pierced, it will have no bearing upon the contract at issue in this case. Further, as also noted, Plaintiff has sued only one of Southeastern's shareholders. There is nothing to indicate that any, much less all, of the

shareholders created Southeastern as a corporate fiction to avoid any type of liability.

Finally, it appears that Reeves and the other individual shareholders of Southeastern did not become shareholders until 1986—approximately two years after the contract including the option clause was executed. As such, there is no way that Plaintiff could prove that they had somehow created Southeastern as a means of perpetrating a fraud or as a means of avoiding individual liability as to that contract. In light of the foregoing, it is

**ORDERED** that Defendants' Motion to Dismiss for Failure to State a Claim is **GRANTED.** It is further

**ORDERED** that Plaintiff's Motion for a Temporary Injunction is **DENIED.** It is further

**ORDERED** that any other motions not previously disposed of by the Court are **DENIED.**