**Pam BOWERS, Plaintiff,**

v.

**BAYLOR UNIVERSITY, Dr. Herbert H. Reynolds, Dr. James Netherton, Dr. Richard P. Ellis, Professor David Guinn, in their Individual and Official Capacities, Defendants.**

**Civ. No. W–94–CA–154.**

United States District Court,
W.D. Texas,
Waco Division.

Aug. 11, 1994.

---

LaNelle L. McNamara, McNamara & McNamara, Waco, TX, for plaintiff.

Barbara M. Lynn, Jane Makela and Dawn Ryan Budner Carrington, Coleman, Sloman & Blumenthal, L.L.P., Dallas, TX, Roy L. Barrett and Stuart Smith Naman, Howell, Smith & Lee, P.C., Waco, TX, for defendants.

### *ORDER*

WALTER S. SMITH, JR., District Judge.

Came on to be considered the Motion of Defendant Baylor University to Dismiss Plaintiff's Claims, the Motion to Dismiss Individual Defendants, and all Responses and Replies thereto. The defendants move to dismiss under Rule 12(b)(1) and Rule 12(b)(6).

### I. *Background*

Plaintiff, Pam Bowers ("Bowers"), was hired by Baylor University ("Baylor") to coach its women's basketball team in 1979. In 1989, Bowers began to complain about the disparate allocation of resources in the men's and women's basketball programs, including but not limited to the disparate terms and conditions of her employment versus the terms and conditions of employment by and between Baylor and the men's basketball coach. Her first contact with the Office of Civil Rights of the Department of Education was in March of 1989, and Baylor was aware of plaintiff's complaints at or about the same time.

Bowers' employment was initially terminated by Baylor in 1993. Bowers alleges that the termination was premised on alleged violations of NCAA and Southwest Conference rules, and that her win-loss record was not even mentioned. After her termination, Bowers filed a complaint with the Office of Civil Rights and the Equal Employment Opportunity Commission. Immediately after filing the complaint, Bowers was notified that she would be reinstated (1) on the same terms under which she had been employed the previous 14 years, or (2) on a two year written contract. Bowers alleges that she was forced to accept the first offer because the terms of the written contract were vague and ambiguous and Baylor refused to discuss them.

Despite her reinstatement, Bowers continued to pursue her employment complaints with the federal agencies. In an employment evaluation of August 30, 1993, Bowers' win-loss record was mentioned, and she was informed that she needed to achieve a winning season. On or about March 28, 1994, Bowers was notified in writing that her employment would be terminated as of May 31, 1994 because of her unsuccessful win-loss record throughout her employment at Baylor.

Bowers' claims are asserted exclusively under Title IX of the Education Amendments of 1972. 20 U.S.C. §§ 1681–88. She raises no claim under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e–17, under the Equal Pay Act, 29 U.S.C. § 206(d), or under state law. She

contends that Baylor and various members of its administration violated Title IX by discriminating against her on the basis of sex and by retaliating against her for challenging Baylor's allegedly discriminatory conduct.[1]

Bowers seeks a declaratory judgment that Baylor's practices were unlawful, a permanent injunction to restrain further discrimination, a mandatory injunction to reinstate her as Baylor's head women's basketball coach, back pay and benefits, compensatory damages of $1 million, and punitive damages in excess of $3 million. Bowers' claims are not based upon an express remedy found in Title IX, but rather on a theory that she has an implied cause of action under Title IX.

## II. *Motion to Dismiss*

■■■■ A motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Kaiser Aluminum and Chemical Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir.1982) (quoting 5 C. Wright and A. Miller, *Federal Practice and Procedure* § 1357 at 598 (1969)), *cert. denied,* 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983). It is well settled that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Boudeloche v. Grow Chemical Coatings Corp.,* 728 F.2d 759, 762 (5th Cir.1984); *Kaiser,* 677 F.2d at 1050. When considering such a motion, the complaint must be liberally construed in the plaintiff's favor, and all facts pleaded in the complaint should be accepted as true. *Campbell v. Wells Fargo Bank, N.A.,* 781 F.2d 440, 442 (5th Cir.1986), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). "The question therefore is whether in the light most favorable to plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." 5 Wright and Miller, *Federal Practice and Procedure,* Section 1357 at 601.

## III. *Discussion*

### A. *Baylor's Motion*

■■■ Baylor believes that Bowers' Title IX claims should be dismissed for lack of subject matter jurisdiction and for failure to state a claim for which relief can be granted. Specifically, Baylor argues that Title IX does not provide employees such as Bowers with a private cause of action for damages. Bowers disagrees, and believes that Supreme Court precedent, although not directly on point, dictates that this motion be denied.

Title IX simply states:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance
>
> . . . .

20 U.S.C. § 1681(a).

Title IX does not expressly authorize an employee to file a private suit for damages. In fact, Title IX contains no mention of employees or employment discrimination at all. Likewise, Title IX contains no mention of damages and no mention of lawsuits to be brought by private citizens.

The Supreme Court was first confronted with the issue of whether a private cause of action was implicit in Title IX in *Cannon v. University of Chicago,* 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979). In that case, a university student brought suit alleging that she had been excluded from the medical education program on the basis of her gender. The district court dismissed her case, holding that the proper remedy was loss of federal funds by the institution. The Supreme Court disagreed, and after analyzing the four factors of *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), held that the female student could maintain her lawsuit despite the absence of any express authorization for it in Title IX.[2]

---

1. Presumably, Bowers has not filed a claim under Title VII because she has not yet exhausted her administrative remedies.

2. The four factors that a court must analyze to determine whether Congress intended a statute to create a remedy for a specific class of persons was set forth in *Cort.* These factors are: (a) whether the statute was enacted for the benefit of

Over the dissenting voices of three justices, the Supreme Court went one step further in *Franklin v. Gwinnett County Public Schools*, —— U.S. ——, 112 S.Ct. 1028, 117 L.Ed.2d 208 (1992). In *Franklin*, a female high school student brought suit against her school district under Title IX because she had been subjected to sexual harassment by a male coach at the school. The district court dismissed the case on the ground that Title IX does not authorize an award of monetary damages.[3] The Supreme Court reversed, and held that not only did Title IX create an implied cause of action for the plaintiff, as the Court had recognized in *Cannon*, but it also authorized monetary damages as a remedy. The Court focused upon the long standing rule that "where legal rights have been invaded, and a federal statute provides for a general right to sue for such invasion, federal courts may use any available remedy to make good the wrong done." *Franklin*, —— U.S. at ——, 112 S.Ct. at 1033 (citing *Bell v. Hood*, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946), and *J.I. Case Co. v. Borak*, 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964)).

Neither the Fifth Circuit Court of Appeals nor the Supreme Court has directly addressed the issue of whether an employee of a school receiving federal funds has a private cause of action for damages under Title IX. The Supreme Court tangentially addressed the issue in *North Haven Board of Education v. Bell*, 456 U.S. 512, 102 S.Ct. 1912, 72 L.Ed.2d 299 (1982). At issue in that case was the validity of regulations promulgated by the Department of Education pursuant to Title IX prohibiting federally funded education programs from discriminating on the basis of gender with respect to employment. *See* 34 C.F.R. §§ 106.51–106.61 (1980).

The Supreme Court first analyzed the broad directive in Title IX that "no person" may be discriminated against on the basis of gender, and held that employees who directly participate in federal programs or who di-

rectly benefit from federal grants, loans, or contracts clearly fall within Title IX. *North Haven Board of Education* at 520, 102 S.Ct. at 1917. The Court stated:

> Because [Title IX] neither expressly nor impliedly excludes employees from its reach, we should interpret the provision as covering and protecting these 'persons' unless other considerations counsel to the contrary. After all, Congress easily could have substituted 'student' or 'beneficiary' for the word 'person' if it had wished to restrict the scope of [Title IX].

*Id.* at 521, 102 S.Ct. at 1918.

Based upon these three Supreme Court decisions, this Court is of the opinion that a private cause of action for damages under Title IX does exist in this case, and Baylor's Motion to Dismiss should be denied. Baylor's brief is quite thorough in its discussion to the contrary, and is similar to Supreme Court dissents in the above cases. While this Court and a minority of Supreme Court justices might agree with Baylor's reasoning, current precedent dictates a ruling in favor of the plaintiff. The Supreme Court's approval of the regulations in *North Haven Board of Education*, and the Supreme Court's decisions in *Cannon* and *Franklin*, lead this Court to the conclusion that the Supreme Court would take the next logical step of recognizing Bowers' cause of action under Title IX.

### B. *Individual Defendant's Motion*

■ The individual defendants ask that the claims against them be dismissed in their entireties because Title IX does not permit claims against individuals who are administrators or employees of separately incorporated educational institutions. The individual defendants cite three district court cases that have so held. *See Doe v. Petaluma City School District*, 830 F.Supp. 1560 (N.D.Cal. 1993); *Bougher v. University of Pittsburgh*,

a special class of which the plaintiff is a member; (b) whether there is any indication of legislative intent to create a private remedy; (c) whether implication of such a remedy is consistent with the underlying purposes of the legislative scheme; and (d) whether implying a federal remedy is inappro-

priate because the subject matter involves an area basically of concern to the States. *Cort*, 422 U.S. at 78, 95 S.Ct. at 2087–88.

**3.** In *Cannon*, the plaintiff only sought equitable relief.

**146**

713 F.Supp. 139 (W.D.Pa.1989), *aff'd,* 882 F.2d 74 (3d.Cir.1989); *Bagley v. Hoopes,* Civ.A. No. 81–1126–Z, 1985 WL 17643 (D.Mass.1985).

The plaintiff argues that her retaliation cause of action should withstand dismissal because under the regulations promulgated pursuant to Title VI, "no recipient or *other person* shall intimidate, threaten, coerce, or discriminate against any individual for the purpose of interfering with any right or privilege secured [by this Act]." 34 C.F.R. § 100.7(e). The plaintiff notes that this provision, along with the other Title VI procedural guarantees, are incorporated by reference into Title IX by 34 C.F.R. § 106.71.

Even assuming that 34 C.F.R. § 106.71 mandates the incorporation of the procedural safeguards of Title VI, the Court is of the opinion that extending its reach to cover individual defendants would amount to a substantive change, not a procedural change. Even the plaintiff fails to set forth any authority for the proposition that Title IX can be applied to individuals, or that 34 C.F.R. § 100.7(e) creates a private Title IX cause of action for retaliation against individual defendants. The one case cited by the plaintiff, *Tyler v. Howard University,* does not even address the issue.

This Court agrees with the individual defendants' position, and is particularly persuaded by the reasoning of *Doe v. Petaluma City School District.* The individual defendants are administrators and employees of Baylor, and do not constitute educational institutions in and of themselves. The Court does not accept the plaintiff's reasoning, and is of the opinion that § 100.7(e) is not a procedural provision. Therefore, they should be dismissed with prejudice, leaving only Baylor as a defendant in this case.

### IV. *Conclusion*

Based upon the foregoing, the Court is of the opinion that the plaintiff has alleged a cause of action under Title IX against Baylor University, but has failed to state a cause of action against the individual defendants. Accordingly, it is

**ORDERED** that the Motion of Defendant Baylor University to Dismiss Plaintiff's Claims is **DENIED.** It is further

**ORDERED** that the Motion to Dismiss Individual Defendants is **GRANTED.** It is further

**ORDERED** that the individual defendants, Dr. Herbert H. Reynolds, Dr. James Netherton, Dr. Richard Ellis, and Professor David Guinn, are **DISMISSED WITH PREJUDICE.** This case will remain pending as against the sole defendant, Baylor University.