**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 01-50289
Summary Calendar

GEORGIA REDD; ET AL.,

Plaintiffs,

GEORGIA REDD,

Plaintiff-Appellant-Cross Appellee,

versus

CITY OF ODESSA; FREDDIE NAYOLA, Officer; RON MARTZ, Officer,

Defendants-Appellees-Cross-Appellants.

--------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-99-CV-73
--------------------------------------------------------
June 5, 2002

Before JOLLY, DAVIS and STEWART, Circuit Judges:

PER CURIAM:[*]

  [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Georgia Redd appeals from the summary-judgment dismissal, with prejudice, of her excessive-force claims under 42 U.S.C. § 1983 against the City of Odessa ("the City") and police officers Freddie Nayola and Ron Martz. Her claims arise from the fatal shooting of her son, Randy.

The City, Nayola, and Martz have filed a motion to dismiss the appeal. They submit what appears to be a copy of the appellant's death certificate and argue that the action cannot be maintained by a representative of Redd's estate. This court "will not ordinarily enlarge the record on appeal to include material not before the district court." Kemlon Prods. & Dev. Co. v. United States, 646 F.2d 223, 224 (5th Cir. 1981). The motion to dismiss the appeal is DENIED.

Redd first argues that the district court erred in granting summary judgment to Nayola and Martz based on qualified immunity. After a thorough review of the record, and viewing the evidence in the light most favorable to the nonmovant, see Smith v. Brenoettsy, 158 F.3d 908, 911 (5th Cir. 1998), we conclude that a reasonable police officer in the shoes of Nayola and Martz could have believed that the deceased posed an immediate danger of serious bodily harm or death. See Colston v. Barnhart, 130 F.3d 96, 99-100 (5th Cir. 1997). The undisputed summary-judgment evidence is that, after issuing a threat to kill a police officer, the deceased, a man of large size, emerged from his residence and pursued the retreating Nayola and Martz across the yard, swinging a sturdy pipe in the direction of the officers until they were backed against a fence. The incident unfolded in a matter of seconds. We judge these events from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. See Graham v. Connor, 490 U.S. 386, 396 (1989). "[P]olice officers are often forced to make split-second judgments -- in circumstances that are tense, uncertain, and rapidly evolving -- about the amount of force that is necessary in a particular situation." Id. at 397. We therefore AFFIRM as to Nayola and Martz.

Redd next argues that the district court erred in granting summary judgment in favor of the City on her 42 U.S.C. § 1983 claim. She contends that the City acted unreasonably in creating a situation that led to the death of her son. A municipality may be held liable under 42 U.S.C. § 1983 "only when an official policy or governmental custom . . . causes the deprivation or violation of the constitutional rights complained of by the plaintiff." Fraire v. City of Arlington, 957 F.2d 1268, 1277 (5th Cir. 1992). As Redd has failed to point to any evidence whatsoever suggesting that a policy or custom of the City led to Randy's death, and has failed to counter the summary-judgment evidence of the City's policies regarding use of its Special Weapons and Tactical (SWAT) team and police department, we AFFIRM as to the City.

After dismissing Redd's 42 U.S.C. § 1983 claims, the district court dismissed Redd's state-law claims against the defendants under the Texas Wrongful Death Statute, without prejudice, based on lack on its lack of an independent basis of subject-matter jurisdiction. The City, Nayola, and Martz have cross-appealed, arguing that Redd failed to adequately plead this claim. "[T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." Boudeloche v. Grow Chem. Coatings Corp., 728 F.2d 759, 761-62 (5th Cir. 1984). The plaintiff need supply only "'a short and plain statement of the claim' that gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests." Id. (quoting FED. R. CIV. P. 8(a)). Redd's complaint satisfies this standard, and we note that the defendants' answer recognized a claim based on state law. We decline to disturb the dismissal, without prejudice, of Redd's claims under the Texas Wrongful Death Statute.

AFFIRMED; MOTION TO DISMISS APPEAL DENIED.