IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30862
_____

United States of America,
ex. rel., PAUL G. MATHEWS,

Plaintiff-Appellant,

vs.

HEALTHSOUTH CORP.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 99-CV-604
_____
October 22, 2002

Before HIGGINBOTHAM, WIENER and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Paul Mathews ("Mathews") appeals from the district court's dismissal of his claims under the False Claims Act, 31 U.S.C. § 3729 et seq.

"We review *de novo* a district court's dismissal for failure to state a claim under Rule 12(b)(6). . . . We must accept plaintiff's factual allegations as true.... [and a] dismissal will not be affirmed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

entitle him to relief." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). Nonetheless, dismissal is appropriate if the complaint fails to allege a required element of the offense, and conclusional allegations are insufficient to prevent dismissal. *Id.*

To assert a claim under the False Claims Act, a plaintiff must allege that (1) there was a false statement or fraudulent course of conduct; (2) made or carried out with the requisite scienter; (3) that was material; and (4) that caused the government to pay out money or to forfeit moneys due. 31 U.S.C. § 3729(a) and (b); *United States ex. rel. Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 788 (4th Cir. 1999). To satisfy the intent element, it is sufficient to show that the defendant acted "in deliberate ignorance of the truth or falsity of the information. . . [or] in reckless disregard of the truth or falsity of the information, and no proof of specific intent to defraud is required." 31 U.S.C. § 3729(b).

The sole issue in this appeal is whether Mathews properly alleged the "false statement or fraudulent course of conduct" element of his False Claims Act claim. Mathews contends that he did allege false statement in his complaint because he stated that HealthSouth Corp. ("HealthSouth") falsely certified in its annual cost reports and self-attestations to the United States government for 1994 through 1999 that its Sunrise, Florida, facility complied

2

with a Medicare rule requiring it to maintain a 75% population of patients with specified diagnoses ("the 75% rule") to obtain reimbursement as a PPS exempt rehabilitation hospital.[1]

In support of his claim, Mathews' complaint pointed to the following facts: First, in early 1996, Mathews was advised by Kevin Conn ("Conn"), the new Chief Executive Officer ("C.E.O.") of HealthSouth Sunrise Rehabilitation Hospital ("Sunrise"),[2] that when he arrived as C.E.O. of Sunrise, Sunrise had no procedures in place for monitoring compliance with the 75% rule. Second, upon implementing the necessary monitoring procedures in mid-1996, Conn told Mathews that Conn had determined that although Sunrise was operating at nearly 100% capacity, Sunrise was not meeting the 75% rule, but rather the population of patients with specified diagnoses was about 65%. Third, for the remainder of 1996, and

---

[1] Mathews also stated in his complaint that HealthSouth falsely certified compliance with a different rule (the "three hour rule") in self-attestations and Cost Reports for 1996, 1997, 1998, and 1999. However, because he did not address the district court's dismissal of these claims in his initial brief, discussing it only in his reply, he has abandoned any arguments on the dismissal of these claims. *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) ("An appellant abandons all issues not raised and argued in its *initial* brief on appeal.") .

[2] According to Mathews's complaint, Conn had previously been the C.E.O. of Central Louisiana Rehabilitation Hospital, which was owned by Continental Medical Systems, Inc. ("Continental"). When Conn was hired by HealthSouth to be C.E.O. of Sunrise in 1996, Mathews succeeded him as C.E.O. of Central Louisiana Rehabilitation Hospital. In turn, Continental was acquired by HealthSouth in 1997. In August, 1998, Mathews resigned after HealthSouth gave him the choice of resigning or being terminated.

each year thereafter, Sunrise continued to operate at nearly 100% of capacity. Fourth, each year a PPS exempt hospital must submit to the government a self-attestation that it is eligible to remain exempt from PPS for the next fiscal year, implicitly certifying that the hospital met the 75% rule for the last period. Self-attestation statements for Sunrise were filed in 1994, 1995, 1996, 1997, 1999 and 2000. Fifth, at the end of each fiscal year from 1994 to 1999, HealthSouth filed Cost Reports claiming reimbursement from Medicaid as a PPS exempt hospital. Sixth, after discovering that HealthSouth was not complying with the 75% rule in 1996, Conn failed to disclose that fact to the government.

In his complaint, Mathews argued that "[t]he fact that Sunrise did not monitor for compliance with the 75% rule before Conn became C.E.O. and at that time was grossly non-compliant with the rule means in Relator's experience that the hospital was reflecting its natural (and to be expected) patient mix and had probably so operated historically." Thus, Mathews deduced that the 1994 and 1995 self-attestations and cost reports contained false certifications of compliance with the 75% rule. In addition, Mathews pointed out that "[i]n Relator's personal experience, for Sunrise to adjust its admissions or discharges to bring itself into compliance with the 75% rule [after 1996], Sunrise would have had to turn away a great number of patients. . . The fact that Sunrise continued to operate at nearly 100% of capacity reflects in

4

Relator's experience that Sunrise did not bring itself into compliance with the 75% rule in 1996 and has not met the 75% rule thereafter." Thus, Mathews deduced that the 1996 and subsequent self-attestations and cost reports also contained false certifications of compliance with the 75% rule.

The district court concluded that Mathews was conflating the element of false statement with that of intent and that at worst, he had "alleged a negligent course of conduct, comprised of defendant's failure to monitor compliance with the 75% rule." Consequently, the district court held that Mathews had failed to allege a false statement and dismissed the claim under Fed. R. Civ. P. 12(b)(6).

However, Mathews has alleged that certifications of compliance were submitted for 1994-1999, that in 1996 Sunrise was not compliant (as admitted by Conn), and that Sunrise's manner of operating (continuously at 100% capacity) allows a reasonable inference that Sunrise was not compliant before and after 1996. These statements make out more than an allegation of negligence: they add up to an allegation of false statement. Discovery may well turn up further evidence substantiating these allegations. Thus, this case does not meet the requirement for dismissal under Rule 12(b)(6) as it does not appear "beyond doubt that the plaintiff can prove *no* set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46

5

(1957). "It may well be that plaintiff's allegations may not be able to stand the scrutiny of a motion for summary judgment supported by affidavits. But where pleadings are sufficient, yet it appears almost a certainty to the court that the facts alleged cannot be proved to support the legal claim, a motion to dismiss for failure to state a claim must nevertheless be overruled." *Boudeloche v. Grow Chemical Coatings Corp.*, 728 F.2d 759, 762 (5th Cir. 1984).

HealthSouth urges us to affirm the dismissal on the alternative ground that Mathews failed to plead fraud with particularity, as required by Fed. R. Civ. P. 9(b). However, as HealthSouth recognizes, the district court did not reach this issue in its decision. In light of the fact that the district court has in the past allowed the appellant to amend his complaint to comply with rule 9(b), it is preferable to allow the district court to reach a decision on this issue before we address it. Thus, we decline to address the question of whether Mathews' complaint satisfied the requirements of Rule 9(b) at this time.

CONCLUSION

The district court erred in finding that Mathews had not alleged the element of false statement with respect to his False Claims Act claims that HealthSouth violated the "75% rule." Thus, we REVERSE the district court's dismissal of these claims.

6